CHARLES LEWIS V. ALEXANDER'S EXECUTORS AND OTHERS.

In this case the court approves the rulings made in the case of Kottwitz v. Alexander's executors and another, decided by this court at the Austin term, 1869.

[REPORTER'S NOTE.—The important case above cited should have appeared in 32d Texas, but was omitted by oversight. A full report will be found in the Appendix to the present volume. The leading principles involved in it relate to liabilities incurred in the exportation of cotton to Mexico during the late war.]

APPEAL from Fannin. Tried below before the Hon. Hardin Hart.

This suit was brought by Lewis upon the following draft:

" $8529 85.

" SAN ANTONIO, TEXAS, May 2, 1865.

" Sixty days after sight pay to the order of Charles Lewis, Esq., eighty-five hundred and twenty-nine 85-100 dollars, value re-ceived, and charge the same to account of your obedient servants,

"A. M. & C. C. ALEXANDER,

" By CLOUD.

" To A. M. & C. C. ALEXANDER, San Antonio, Texas."

This draft bore the indorsement of A. S. Kottwitz & Co. The petition alleged that Kottwitz, William Cloud and A. M. Alex-ander were partners in trade at San Antonio, in May, 1865, under the style of A. S. Kottwitz & Co.; and Kottwitz and Cloud were made defendants with the executors of the Alexanders. Wm. B. Knox was also made a defendant by amended petition.

In every particular of any legal significance, the facts of the present case, the pleadings of the parties, and the action of the court below, were identical with those detailed in the Kottwitz case, referred to in the present opinion and the head note. A reference, therefore, will suffice to the report of that case, to be found in the Appendix to the present volume.

*Robards & Jackson*, for the plaintiffs in error.—This cause is one of considerable importance to the parties litigant, and if it presented questions not heretofore adjudicated by this court, we would feel it our duty to discuss them carefully and in full.

But it so happens that within the last two years, two other suits against these same defendants in error, and arising on the same partnership contract, and out of partnership transactions exactly similar in every respect of the slightest importance have been adjudicated by this court. We have reference to the case of A. S. Kottwitz, and the case of George B. Torrey, both against the same parties who are defendants in error in this cause.

Those cases were decided by this court at the Austin term, 1869, and both were reversed and remanded on the same day and for the same reasons, as the records of this court will show.

In only one of those, however, was an opinion delivered by this court, and for convenience of reference we have obtained and file with this brief a certified copy of that opinion. It was delivered in the case of Kottwitz v. Alexander's executors and others, and it contains a recital of all the facts which this court deemed important to the elucidation of the decision made.

An inspection of that opinion in connection with the transcript of the present cause will make it manifest :

First—That the causes of action and the petitions in both suits were, in a legal point of view, of precisely the same import.

Second—That the numerous exceptions to the petitions were in both cases of precisely the same import.

Third—And that the error assigned in both cases is one and the same, to-wit : That the exceptions were erroneously sustained by the court below, and erroneous judgments rendered against the plaintiffs.

These coincidences would be remarkable but for the fact that the cases were conducted by the same counsel in the court below, and the facts in the cases corresponded so well that with a few changes of names, dates, and other circumstantial discrepancies, the pleadings were equally well adapted to either case.

Under such circumstances as these we would be inexcusable if we engaged in an elaborate discussion of this cause. We may, with perfect confidence, rest upon the opinion of this court to which we have referred. Its reasoning, its citations and its conclusions are as pertinent and as satisfactory in this case as in the case in which it was delivered. In short, to all intents and purposes, except the formal rendition of judgment, this cause is *res adjudicata.*

No brief for the defendants in error.

WALKER, J.—The rule of decision adopted in this court, at the October term, 1869, in the case of A. S. Kottwitz v. the same defendants, and also the case of George B. Torrey v. the same, is conclusive of the case at bar. To say that the draft sued on in this case was tainted with the illegal commerce in which the defendants were engaged, would be charging the plaintiff with a knowledge of and complicity in their business which, we think, the record does not justify.

The case of Kottwitz was decided on an elaborate opinion delivered by Chief Justice Morrill, in which, we think, the law of the case is well laid down. The judgment of the district court was erroneous on the pleadings. The case is reversed and remanded.

Reversed and remanded.