**UNITED STATES of America ex rel. Edward RYBARIK, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 18786.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 10, 1970.

Decided Dec. 28, 1970.

Edward Rybarik, pro se.

D. Dale Claypool, Dist. Atty., Kittanning, Pa., for appellee.

Before ALDISERT, ADAMS and ROSENN, Circuit Judges.

1. Appellant's counsel and the district attorney stipulated that there was no necessity for an additional evidentiary hearing in the district court.

2. In a review of this court's decision in Chambers v. Maroney, 399 U.S. 42. 54, 90 S.Ct. 1975, 1982, 26 L.Ed.2d 419, the Supreme Court said:
   Unquestionably, the courts should make every effort to effect early appoint-

## OPINION OF THE COURT

PER CURIAM:

When appellant previously appealed to this court from the denial of a writ of habeas corpus, we remanded, 406 F.2d 1055, the proceedings to the district court for the determination of the issue of effective assistance of trial counsel. Upon remand, counsel was appointed for him. The district court, in reviewing the records of both the trial and a state evidentiary hearing,[1] applied the standards of United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3 Cir. 1968), that late appointment of counsel created a prima facie presumption of prejudice, and United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (3 Cir. 1969), that this presumption could be rebutted by an affirmative showing of no prejudice to the defendant.[2]

After making a detailed analysis of the testimony adduced both at trial and at the state evidentiary hearing, the district court concluded that appellant was not denied effective assistance of trial counsel. We have reviewed the record and we agree.

Subsequent to the district court proceedings, this court reviewed our *Mathis* rule, and in Moore v. United States, 437 F.2d 730 (3 Cir. 1970), placed upon the relator the burden of proving prejudice based upon late appointment of counsel. Considered either in light of the standard applied by the district court, which placed upon the Commonwealth the burden of showing an absence of prejudice, or in view of the controlling standard of *Moore,*

ments of counsel in all cases. But we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, whenever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right.

the record discloses no denial of appellant's right to effective assistance of counsel.

The judgment of the district court will be affirmed.