**J. M. HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44340.**

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Rehearing Denied April 5, 1972.

Second Rehearing Denied June 7, 1972.

James F. Fanning, Comanche, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

On September 12, 1969, the appellant, after a change of venue from Stephens County, entered a plea of guilty before the court, to an indictment charging him with assault with intent to kill; punishment was assessed at five years imprisonment. The imposition of the sentence was suspended and the appellant placed on probation subject to certain conditions, among which was the provision that he "commit no offense against the laws of this state . . ."

On December 17, 1970, the State filed a motion to revoke probation which alleged that appellant "on or about the 10th day of October, 1970, . . . violated his probation by driving and operating a motor vehicle upon a public highway in Stephens County, Texas, while intoxicated and under the influence of intoxicating liquor."

Appellant filed an affidavit of indigency on December 22, 1970, at which time counsel was appointed. Eight days later, on December 30, the hearing on the State's motion to revoke probation was conducted.

Officers J. D. Kvapil and Thomas F. Hefner, Jr., of the Texas Department of Public Safety, testified that in addition to traveling at a speed in excess of the posted limit, appellant was driving his automobile "erratically", and was "weaving from side to side of the road." Results of the breathalyzer test administered by the officers revealed appellant's blood alcohol content to be .22 percent. [1] Each officer testified that in his opinion the appellant was intoxicated.

Appellant alleges abuse of discretion in the trial court's having conducted the hearing less than ten days after the appointment of counsel. Reliance is had upon Article 42.12, Sec. 3b, Vernon's Ann.C.C.P., which provides in part as follows:

"If such a defendant [in a proceeding to revoke probation] has no counsel, it shall be the duty of the court to inform him of his right to show cause why his probation should not be revoked; and if such a defendant requests such right, the court shall appoint counsel in accordance with Articles 26.04 and 26.05 of this Code to prepare and present the same; and in all other respects the procedure set forth in said Sec. 8 of this Article shall be followed."

Article 26.04, V.A.C.C.P., states:

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence.

---

1. State's witness Foster, a chemist for the Department of Public Safety who had received special training in the administration and analysis of breathalyzer tests, testified that in his work he employed the standard recommended by the American Medical Association and the National Safety Council whereby anyone whose blood alcohol level is .10 percent or above is considered to be "under the influence of intoxicating beverages to where his mental and physical faculties have been impaired."

"(b) The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

■ While probation revocation hearings are criminal proceedings "where substantial rights of a criminal accused may be affected," Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, (1967), and "cannot be isolated from the context of the criminal process," Campbell v. State, 456 S.W.2d 918, 921 (Tex.Crim.App. 1970), this court has consistently held that a hearing on a motion to revoke probation is not a trial in a constitutional sense. Campbell v. State, *supra*; Hulsey v. State, 447 S.W.2d 165 (Tex.Crim.App. 1969); Cooper v. State, 447 S.W.2d 179 (Tex.Crim.App. 1969); Tate v. State, 365 S.W.2d 789 (Tex.Crim.App. 1963).

In Gist v. State, 160 Tex.Cr.R. 169, 267 S.W.2d 835 (1954), it was held that there was not an abuse of discretion when a hearing on the State's motion to revoke probation was conducted five days after the motion was filed. More recently, in Campbell v. State, *supra*, this court indicated that the strict provisions of Article 26.-04 are not mandatory in revocation of probation proceedings. By footnote in *Campbell* it was said that where counsel has been appointed and the revocation hearing is held less than ten full days from the date of counsel's appointment a written waiver of such preparation period signed by the probationer and his appointed counsel in accordance with Article 26.04, V.A.C.C.P., is not required if they are willing to proceed. [2]

■ Appellant's contention is raised for the first time on appeal. Appellant and his counsel proceeded with the hearing without objection. The record reflects no motion

for a postponement or a continuance. There is no claim of injury to appellant and no attempt is made to show harm. Careful consideration of the record gives no indication of prejudice to appellant's rights. We find compliance with the requirement of the Sixth Amendment to the United States Constitution and Mempa v. Rhay, *supra*, that a defendant shall be afforded the aid and assistance of counsel at a probation revocation hearing. No abuse of discretion on the part of the trial court has been shown.

The order revoking appellant's probation and imposing sentence is affirmed.

Opinion Approved by the Court.

ROBERTS, J., not participating.

OPINION

ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

In his motion for rehearing, appellant renews his contention that the trial court erred by conducting the revocation hearing less than ten days after the appointment of counsel.

As we noted in our original opinion, appellant made no complaint to the trial court; and this argument was raised for the first time on appeal.

■ A probation revocation hearing is not an adversarial proceeding, a civil action, or a criminal prosecution. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963), cert. denied, Thompson v. United States Bd. of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963); Hood v. State, Tex.Cr.App., 458 S.W.2d 662. In-

---

2. Note 2 says in part:
"Although it is not required, it would appear to be a safer practice where counsel has been appointed and the revocation hearing is held less than ten full days from the date of counsel's appointment to have written waiver of such preparation period signed by the probationer and his appointed counsel in accordance with Article 26.04, V.A.C.C.P., if they are willing to proceed at that time." 456 S.W.2d at 920.

stead, it is administrative in nature, a means of protecting society and rehabilitating lawbreakers. United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161 (2d Cir. 1970); United States ex rel. Lombardino v. Heyd, 318 F.Supp. 648 (E.D.La. 1970), aff'd per curiam, 438 F.2d 1027 (5th Cir. 1971), cert. denied, 404 U.S. 880, 92 S.Ct. 195, 30 L.Ed.2d 160 (1972).

▮ While such a hearing is administrative in nature, both Texas statutory law[1] and the United States Constitution[2] provide that the probationer has the right to be assisted by counsel. The right to be assisted by counsel contemplates that such counsel shall have adequate time to prepare. However, belated appointment of trial counsel does not constitute a per se violation of constitutional rights. Chambers v. Maroney, 399 U.S. 42, 91 S.Ct. 1975, 26 L.Ed.2d 419 (1970). To constitute the denial of constitutional rights at trial, harm must be shown. Gallarelli v. United States, 441 F.2d 1402 (3rd Cir. 1971); Rastrom v. Robbins, 440 F.2d 1251 (1st Cir. 1971); United States ex rel. Rybarik v. Maroney, 435 F.2d 1292 (3rd Cir. 1970); Lupo v. United States, 435 F.2d 519 (8th Cir. 1970); Konvalin v. Sigler, 431 F.2d 1156 (8th Cir. 1970). And in administrative proceedings objection may be waived where, as here, appellant makes no attempt to raise his objection until appeal. See generally, Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948); Ross v. Stewart, 227 U.S. 530, 33 S.Ct. 345, 57 L.Ed. 626 (1913); Reetz v. Michigan, 188 U.S. 505, 23 S.Ct. 390, 47 L.Ed. 563 (1903).

▮ Moreover, we do not construe Article 42.12, Sec. 3b, V.A.C.C.P., as requiring a different result. That statute provides, in part, that:

"If such defendant has no counsel, it shall be the duty of the court to inform

him of his right to show cause why his probation should not be revoked; and if such a defendant requests such right, the court shall *appoint counsel in accordance with Articles 26.04 and 26.05 of this Code* to prepare and present the same; and *in all other respects the procedure set forth in Sec. 8 of this Article shall be followed.*"[3]

Article 26.04, V.A.C.C.P. provides:

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys *to defend him*. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence.

"(b) The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

Article 42.12, Sec. 8, V.A.C.C.P., provides, in part:

"At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the order of the judge of such court to be noted on the docket of the court. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. Thereupon, the court shall cause the defendant to be brought before it and after a hearing

---

1. Article 42.12, Sec. 3b, V.A.C.C.P.

2. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

3. Article 26.05, V.A.C.C.P., provides for the compensation of appointed counsel.

without a jury, may either continue or revoke the probation and, if probation is revoked, shall proceed to dispose of the case as if there had been no probation.

". . . . The right of the probationer to appeal to the Court of Criminal Appeals for a review of the trial and conviction, as provided by law, shall be accorded the probationer at the time he is placed on probation. When he is notified that his probation is revoked for violation of the conditions of probation and he is called on to serve a sentence in a jail or in an institution operated by the Department of Corrections, he may appeal the revocation."

It has long been the rule in this state that statutes should be given a common sense construction. e. g. Nat's Surety Corp. v. Ladd, 131 Tex. 295, 115 S.W.2d 600; Lewis v. Alexander's Ex'rs, 34 Tex. 608 (1869). Courts must assume that the legislature said what it intended to say in the language of a statute and, unless the statute is ambiguous should construe it as written. See, e. g. Government Personnel Mutual Life Ins. Co. v. Wear, 151 Tex. 454, 251 S.W.2d 525; Ex parte Frye, 156 S.W.2d 531; Thomas v. State, 129 Tex. Cr.R. 628, 91 S.W.2d 716; Ex parte Woods, 52 Tex.Cr. 575, 108 S.W. 1171.

In the instant case, the plain meaning of Article 42.12 is that the provisions of Article 26.04 paragraph (a) shall be followed when the court appoints counsel. However, nothing in Article 42.12 purports to incorporate Article 26.04 paragraph (b), which provides for the ten day preparation requirement. To the contrary, all such procedure is governed by Section 8 of Article 42.12, which does not contain such a provision.

We therefore hold that, absent a showing of harm, nothing in Article 42.12, V. A.C.C.P., or the United States Constitution requires a preparation period of ten days prior to a revocation hearing.

The motion for rehearing is overruled.

ROBERTS, J., not participating.

MORRISON, Judge (concurring).

I concur with the affirmance on the ground that the appellant first raised the question of lack of time to prepare for trial on appeal and not in the trial court.

ONION, Presiding Judge (dissenting on Appellant's Motion for Rehearing).

On original submission, this court was presented with what was apparently a case of first impression. Are an indigent probationer and his appointed counsel entitled to a ten-day preparation period as provided by Article 26.04(b), Vernon's Ann.C.C.P., so that failure to waive the same in writing will constitute error on direct appeal from an order revoking probation?

Article 42.12, § 3b, Vernon's Ann.C.C.P., provides in part as follows:

". . . If such a defendant [in a proceeding to revoke probation] has no counsel, it shall be the duty of the court to inform him of his right to show cause why his probation should not be revoked; and if such a defendant requests such right, the court shall appoint counsel in accordance with Articles 26.04 and 26.05 of this Code to prepare and present the same; and in all other respects the procedure set forth in said Sec. 8 of this Article shall be followed."

Article 26.04, Vernon's Ann.C.C.P., in its entirety provides:

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend

him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence.

"(b) The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

Article 26.05, Vernon's Ann.C.C.P., relates to the compensation of counsel appointed to defend.

The right to counsel at revocation hearings can no longer be questioned. If the probationer is indigent and has not waived the right, counsel must be appointed. Article 42.12, supra; Ex parte Williams, 414 S.W.2d 472 (Tex.Cr.App. 1967); Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336, which decision was to apply retroactively. McConnell v. Rhay (Stiltner v. Rhay), 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed. 2d 2. See also Crawford v. State, 435 S. W.2d 148 (Tex.Cr.App. 1968); Eiland v. State, 437 S.W.2d 551 (Tex.Cr.App. 1969); Ex parte Fletcher, 442 S.W.2d 705 (Tex. Cr.App. 1969); Ex parte Fuller, 435 S.W. 2d 515 (Tex.Cr.App. 1969).

And the Legislature has provided in the Adult Probation Law as quoted above that such appointment be "in accordance with Articles 26.04 and 26.05 of this Code . . . ." In other words, counsel in probation revocation hearings is to be appointed and compensated as provided in such statutes. Does this mean that only a part or all of Article 26.04, supra, is to be applicable to revocation hearings?

It is well established that the requirements of Article 26.04(b), supra, have been held mandatory and a failure to comply will call for reversal on direct appeal. Young v. State, 448 S.W.2d 484 (Tex.Cr. App. 1970); Steward v. State, 422 S.W.2d 733 (Tex.Cr.App. 1968); Farmer v. State, 419 S.W.2d 382 (Tex.Cr.App. 1967); Bennett v. State, 382 S.W.2d 930 (Tex.Cr.App. 1964); Ex parte Gudel, 368 S.W.2d 775 (Tex.Cr.App. 1963). It has also been held that where no request for additional time is made and no injury or harm is shown, the failure to sign such waiver of the statutory preparation period will not entitle an accused to relief by habeas coupus or other post conviction or collateral attack. Ex parte Meadows, 418 S.W.2d 666 (Tex.Cr. App. 1967), overruling a number of cases to the contrary.

In the instant case, appellant filed a motion alleging he was indigent and requested counsel be appointed in accordance with Article 42.12, § 3b, supra, and Article 26.-04, supra. Counsel was appointed on the same date and eight days later the probation revocation hearing was conducted. No written waiver of the ten-day preparation period is found in the record and the appellant raises on direct appeal from the revocation order the fact that the provisions of Article 26.04(b) were not complied with.

On original submission in finding no error this court cited Gist v. State 160 Tex. Cr.R. 169, 267 S.W.2d 835 (1954), holding there was no abuse of discretion in conducting a revocation hearing five days after the motion was filed. *Gist* was decided under the provisions of Article 781b, Vernon's Ann.C.C.P., (1925), long prior to any statutory or constitutional requirement of counsel at probation revocation hearings and prior to the legislative determination that counsel be appointed in accordance with Article 26.04, supra.

The opinion on original submission also relies upon footnote #2 of this writer's opinion in Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App. 1970), indicating that a written waiver of the ten-days preparation period was not required in revocation hearings although it was a safer practice. The question of the waiver of the ten-days preparation period was not involved in the *Campbell* decision. Such footnote was not at all essential to the decision there reached and represented only an attempt to describe the practice that is generally fol-

lowed in this state. Upon further reflection and study, I conclude that I was in error in using the phrase "although it is not required . . . ." The statutes here involved were not being construed at the time.

The opinion on original submission also relies upon the holdings of this court that probation revocation hearings are not trials in the constitutional sense. These holdings for too long have been used like a Mother Hubbard to cover all sorts of deficiencies and inequities in our revocation procedure. If there is no other answer to the contention raised on appeal, then these holdings are cited.

On rehearing, the majority obviously recognizes that the authorities relied upon do not support the conclusion reached and reaches out seeking firmer ground on which to stand.

In doing so, the court for the first time since 1947, and the enactment of the earliest Texas probation statute (former Article 781b, Vernon's Ann.C.C.P.), holds that a probation revocation hearing is not an adversarial proceeding, a civil action or criminal prosecution. Hood v. State, 458 S.W. 2d 662 (Tex.Cr.App. 1970), is cited in support of such proposition, but *Hood* merely held such proceedings are not a "trial" in the constitutional sense. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963), also cited dealt with a federal statute and with the question of revocation of parole by a board not the revocation of probation by a court as is here involved. The other federal authorities cited for the new proposition that revocation hearings are administrative in nature are also parole not probation cases.

It is indeed regrettable that today's holding flies into the teeth of the holding of the Supreme Court of Texas that revocation of probation proceedings are a "criminal prosecution" within the meaning of the state constitution. Fariss v. Tipps, 463 S. W.2d 176 (Tex. 1971). And, the holding is also in conflict with our earlier decision in Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App. 1970), that revocation hearings are criminal proceedings where substantial rights of an accused may be affected and "[which] cannot be isolated from the context of the criminal process."

A conflict between the two courts of last resort is totally unnecessary to the proper disposition of this cause. The label to be placed upon such hearings is wholly immaterial to the issue presented.

Even if revocation proceedings were equated with trials in the constitutional sense, would the constitution, either state or federal, require the waiver of the ten day preparation period? I think not. The requirement is a creature of the statutes which must be construed to determine the legislative intent.

It matters not as to the question presented whether the proceedings are labeled adminstrative hearings or something else or whether a real distinction is made between such proceedings and a trial in the constitutional sense, for the Legislature has seen fit to proscribe in such proceedings ". . . . the court shall appoint counsel in accordance with Articles 26.04 and 26.05 of this Code . . . and in all respects the procedure set forth in Sec. 8 of this Article shall be followed."

The Legislature having so spoken, I find no way to apply Article 26.04(a) and Article 26.05, supra, to revocation proceedings and to determine that Article 26.04(b), supra, has no application unless harm has been shown. To find that such is a common sense construction arising from the plain meaning of the statute is difficult for me to accept. Perhaps Mark Twain's comment, "The more you explain it, the more I don't understand it," is here appropriate. See Davis v. State, 474 S.W.2d 466, 470 at f.n. #1 (Tex.Cr.App. 1972) (dissenting opinion).

I can find no basis for substituting the personal notions of the judges of this court after the Legislature has prescribed the

procedure to be followed. The Legislature was obviously aware that revocation proceedings involved substantive rights and that counsel must have adequate time to prepare.

I was in error in agreeing to the affirmance of this cause on original submission. For the reasons stated I dissent to the overruling of the appellant's motion for re-hearing.