Goodman **WALKER**, Petitioner

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent.

No. 71–303–Civ–J.

United States District Court,
M. D. Florida,
Jacksonville Division.

July 26, 1972.

---

George D. Gabel, Jr., Jacksonville, Fla., for petitioner.

Robert L. Shevin, Atty. Gen., State of Florida, Raymond L. Markey, II, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

ORDER

WILLIAM A. McRAE, Jr., Chief Judge.

On April 15, 1937, petitioner Goodman Walker was convicted on a plea of guilty in Madison County, Florida, of having carnally known a female person under the age of ten years. The judge imposed a sentence of life imprisonment, although the crime might have been punished by death. Some time thereafter petitioner presented to the Florida court the two-fold contention that his conviction was the result of a guilty plea coerced by the use of physical force and that he had been represented by counsel at no stage in the proceeding eventuating in the conviction. On August 23, 1968, petitioner, since he had not prevailed before the state courts, petitioned this court for the issuance of a writ of habeas corpus. After an evidentiary hearing, relief was denied. In a per curiam opinion, the Fifth Circuit Court of Appeals affirmed this disposition of the case in the light of the two theories then advanced, *viz.*, "that the plea was coerced and was entered without the benefit of counsel." Walker v. Wainwright, 430 F.2d 936, 937 (5th Cir. 1970).

The present proceeding was initiated on April 28, 1971, by the filing of a second petition. This more recent petition alleged not the absence, but the ineffective assistance, of counsel at the time of petitioner's original conviction in 1937. The state concedes that petitioner has exhausted state remedies with respect to this new legal ground.

This court has before it not only the testimony of petitioner Goodman Walker given in an evidentiary hearing held in the present case, but, upon the stipulation of counsel, both his testimony and that of Lonnie T. Davis, some-time high sheriff of Madison County, together with the deposition of Robert M. Vollner, an examiner of questioned documents, all given in evidence at a hearing in the prior case in this court, No. 68–324–Civ–J. The gist of petitioner's tes-

timony, substantially identical at both hearings, was as follows: On a Sunday morning in early March of 1937 he was awakened at his house and arrested by two law enforcement officers, neither of whom was Sheriff Davis. T. pp. 9–11. These two men took him to a darkened cell in a local jail, handcuffed him to the bars of the cell and beat him with a night stick, seeking, unsuccessfully, to elicit a confession to the crime. T. pp. 12–13. About a day later he was beaten again. T. p. 17. He was refused permission to communicate with his wife and with his employer. T. p. 14. On April 14, 1937, he was beaten and agreed, under duress, to plead guilty. He was taken into open court where he broke his agreement and entered a plea of not guilty. Upon his return to the jail, he was subjected to physical abuse at the hands of his jailers once again. As a result petitioner, on the following day, when asked if he wished to enter a plea of guilty, nodded his head affirmatively. T. pp. 18–19. Sentence was pronounced. At no time did he speak to anyone he understood to be a lawyer representing him. T. p. 26.

Mr. Davis' testimony was to this effect: as sheriff, he himself, possibly together with a deputy, T. p. 51, had arrested Goodman Walker on a public street, T. p. 45. He is not sure that he ever put handcuffs on petitioner. If he did, he took them off at the jail. T. p. 52. Every cell in the jail was well lighted. T. p. 49. He never beat petitioner and, to his knowledge, no one else ever did. T. p. 53. He never refused to permit petitioner to talk to his wife or to write letters to anyone. T. p. 50. It was his custom to advise persons he arrested of their fifth and sixth amendment rights, but he could not be sure that he advised Goodman Walker in this regard. T. pp. 61–62. He made the arrest without a warrant, although an arrest warrant was later issued. This inverted sequence was customary. T. p. 59. As far as he remembers, Goodman Walker never spoke to an attorney while in jail. T. p. 63. He does not remem-

ber being present in court when Goodman Walker was arraigned, tried and sentenced. T. p. 63. (Page references are to the transcript of the evidentiary hearing in No. 68–324–Civ–J held January 28, 1970.)

The deposition of Mr. Vollner, the examiner of questioned documents, tends to prove that the Circuit Court Minutes, Book 5, Pages 244–246, of the public records of Madison County, Florida, have not been altered. These documents are in evidence. They are short narrative accounts of proceedings in court, rather than verbatim transcripts. They recite that, on April 15, 1937, one J. F. McCall was appointed to represent Goodman Walker and that, after three intervening arraignments:

> Now again on this day comes the State of Florida by J. R. Kelley and O. O. Edwards State Attorneys who prosecutes (sic) for said State comes also the defendant Goodman Walker in proper person and being duly and solemnly arraigned upon said charge, plead guilty to first count in said charge. Book 5, p. 244.

Whereupon, the narrative continues, he was adjudged guilty and life sentence was pronounced. A later entry, made the same day, restates the substance of the entry quoted from above, with the important additional recitation that Goodman Walker was "attended by counsel." Book 5, p. 246.

On the basis of the foregoing evidence, this court makes the following findings of fact:

1. During Goodman Walker's stay of more than five weeks in the Madison County jail, he never conferred with a lawyer.

2. On April 15, 1937, J. F. McCall was appointed to represent Goodman Walker a few hours, at most, before life sentence was imposed.

3. Goodman Walker and J. F. McCall never conferred privately.

4. The guilty plea aside, Goodman Walker made no confession or other admission of guilt.

The legal question presented is whether these facts in the circumstances of this case require the conclusion that petitioner was not afforded effective assistance of counsel. There are two lines of cases on this question, although it has been suggested that the difference between them is "more apparent than real." Rastrom v. Robbins, 440 F.2d 1251, 1253 (1st Cir. 1971). The Fourth Circuit Court of Appeals has said:

> Normally, in the absence of clear proof that no prejudice resulted [from tardy appointment of counsel], we should be obliged to treat the lawyer's representation as inadequate and the trial as falling short of the standards of due process . . . Turner v. Maryland, 318 F.2d 852, 854 (4th Cir. 1963); Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967); Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967).

A similar rule obtained in the Third Circuit at one time, United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3rd Cir. 1968), but has since been explicitly rejected there. Moore v. United States, 432 F.2d 730 (3rd Cir. 1970); United States ex rel. Rybarik v. Maroney, 435 F.2d 1292 (3rd Cir. 1970). In eschewing the use of this presumption of ineffectiveness as being unduly inflexible, the Third Circuit Court of Appeals focused on the problems of institutional representation of indigent defendants, rather than representation by individual members of the bar, pursuant to court appointment. The court carefully pointed out that "we do not intend to minimize the strong inference of prejudice from the failure to appoint counsel until the day of trial or very shortly prior thereto." Moore v. United States, 432 F.2d 730, 735 (3rd Cir. 1970).

Likewise, the First Circuit Court of Appeals has rejected a rigid presumption in favor of the rule that:

> Final resolution of claims that a defendant was denied effective assistance by late appointment of counsel is necessarily made on an ad hoc basis. Rastrom v. Robbins, 440 F.2d 1251, 1252–1253 (1st Cir. 1971) (granting writ of habeas corpus).

The question is an open one in the Eighth Circuit, Pedicord v. Swenson, 431 F.2d 92 (8th Cir. 1970), although at least one district court in that circuit has applied a presumption of ineffectiveness of counsel arising from tardy appointment. Pedicord v. Swenson, 304 F.Supp. 393 (W.D.Mo.1969) aff'd ("solely upon the separate and independent finding . . . that the guilty plea was not voluntary"), Pedicord v. Swenson, *supra*, at 94.

■ In the Fifth Circuit, it has been held that where counsel was appointed only three days ahead of time to represent a person accused of murder, who had been held incommunicado for four months, and where the conduct of the trial was questionable, the state must go forward and show that the accused was not prejudiced. Mosley v. Dutton, 367 F. 2d 913 (5th Cir. 1966). This court does not read *Mosley* as establishing a *per se* time of appointment rule. *Cf.* Chambers v. Maroney, 399 U.S. 42, 54, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). But *Mosley* necessarily stands for the proposition that an indigent accused in a capital case who is furnished with counsel only shortly before the commencement of judicial proceedings, after a long stay in jail with nothing being done in preparation for his defense, has been denied effective assistance of counsel when his lawyer's representation is facially uncraftsmanlike, unless it can be established that he has not been prejudiced by the combination of these factors.

■■ Counsel for the state argues that the rule announced in *Mosley* cannot stand after the more recent decisions in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The Court held in *McMann* that a conviction resting on a guilty plea was not susceptible to collateral attack even if the entry of the plea was motivated by the existence of a confession unlawfully ob-

tained unless the plea was entered without benefit of effective assistance of counsel. Ordinary error does not render a lawyer's representation ineffective. Rather there must be "gross error on the part of counsel," 397 U.S. at 772, 90 S.Ct. at 1449, or "serious dereliction." Id. at 774, 90 S.Ct. at 1450. A hurried conference shortly before trial between a criminal accused and his counsel, appointed well in advance, is not, by itself, ineffective assistance of counsel when the defendant has already confessed to the crime. Nor is ignoring an alibi defense sufficient, without more, when there has been a confession, to support the legal conclusion of ineffective assistance of counsel. But *Mc-Mann* does not address itself to the problem arising both in *Mosley* and in the present case of a defendant who has never confessed to the crime. Nor does *McMann* speak to the problem of tardy appointment when accompanied by aggravating additional factors. It follows that the narrow holding in *Mosley* is fully consistent with the holding in *McMann*.

The decision in Chambers v. Maroney, *supra*, is also clearly distinguishable. There the defendant had been represented by a lawyer from a legal aid society, and one trial had ended in a mistrial. At his second trial a different staff attorney conducted the defense after a short conference a few minutes before the trial began. ' Presumably, however, the lawyer had familiarized himself with the contents of the file assembled before the first trial. Moreover, the court reviewed the conduct of the second trial and concluded that any error on the part of counsel had been harmless.

■ The court concludes that Mosley v. Dutton, *supra*, is controlling in the present case. There the defendant stood charged with a capital crime. In the present case Goodman Walker was charged with a capital crime. There counsel was appointed three days before the beginning of judicial proceedings. In the present case counsel was appointed the same day that sentence was pronounced. There counsel's conduct of the trial was questionable. Although defense counsel had summoned witnesses, none was called to the stand, and a co-defendant's confession went into evidence without objection. In the present case defense counsel did not demand trial. Without conferring with his client in a place where they could speak freely to each other, he permitted the entry of a guilty plea. There, as in the present case, no showing has been made why the prejudice naturally to be anticipated in such circumstances did not in fact occur.

The court is grateful to Mr. George D. Gabel, Jr., for his able representation of Mr. Goodman Walker in this case.

It is, therefore,

ORDERED:

■ Considering the long period of time that has passed since the alleged crime took place, it is manifestly impossible to retry this petitioner. Respondent shall accordingly release petitioner from his custody forthwith.