Jackie Dewayne **MOSELEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47019.

Court of Criminal Appeals of Texas.

June 6, 1973.

———◆———

Joe B. Garza, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A Huttash Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. The conviction was for felony theft; the punishment, two years imprisonment. The appellant was granted probation on February 6, 1970. The order revoking probation was entered and the appellant was sentenced on July 28, 1971.

The appellant contends that his appointed counsel did not have ten days after appointment to prepare for the hearing to revoke probation, and that the trial court therefore abused its discretion in revoking probation. He relies upon Articles 42.12, subd. B, § 3b and 26.04(b), Vernon's Ann. C.C.P. Cf. Hill v. State, 480 S.W.2d 200 (Tex.Cr.App.1972).

The record does not support the contentions of the appellant. It does not show that he was indigent and entitled to appointed counsel on the hearing to revoke probation. It does not show that counsel who did represent the appellant was appointed.

The appellant's counsel dictated into the record a motion for continuance on the day of the hearing to revoke probation. Among other allegations, he alleged that counsel was appointed on the day of the hearing. This is a mere allegation unsupported by proof and we cannot assume that appellant was indigent and that counsel was appointed for him on the day of the hearing.

The motion to revoke probation was filed on April 19, 1971, and the hearing thereon was held on July 28, 1971. The appellant was represented in that hearing by the same attorney who had represented him at the time he was placed on probation.

The record does not reflect that the appellant was represented by court appointed counsel on his plea of guilty at the time he received probation. It does show that he was on bond prior to entering the plea of guilty. In this record there is no affidavit of indigency and there is nothing

else to indicate that the appellant was indigent at the time of the hearing on the motion to revoke probation. The record does not show that the transcript of the court reporter's notes which was filed was furnished at the State's expense. The record does show that the appellant is now free on bond pending the appeal in this matter.

Under the record before us, we find no abuse of discretion and the order revoking probation is affirmed.

Opinion approved by the Court.