Randy SALAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–164–CR.

Court of Appeals of Texas, Austin.

March 16, 1983.

Alberto Garcia, Austin, retained, for appellant.

Ronald Earle, Dist. Atty., Andrew Forsythe, Asst. Dist. Atty., Austin, for appellee.

SHANNON, EARL W. SMITH and BRADY, JJ.

SHANNON, Justice.

Appellant Randy Salazar appeals from an order of the district court of Travis County revoking probation. After the juvenile court had waived jurisdiction and transferred appellant to criminal district court, appellant entered a plea of guilty to aggravated assault. The district court assessed punishment at ten years in the Texas Department of Corrections, but suspended imposition of sentence and placed appellant on probation. Thereafter, the State moved to revoke appellant's probation upon the basis that appellant violated the terms of his probation by committing theft. After hearing, the district court ordered probation revoked and punishment was imposed. This Court will affirm that order.

█ The admission into evidence of an oral confession is the foundation for appellant's first ground of error. Because appellant was sixteen years of age at the time of the alleged theft, he urges that the admissibility of the oral confession is governed by the terms of Tex.Fam.Code Ann. § 51.-09(b)(2) (Supp.1982).[1]

Texas Fam.Code Ann. § 51.09(b)(2) provides that an oral statement of a child is admissible in evidence if the facts or circumstances in such statement are found to be true and tend to establish the child's guilt. Similarly, Tex.Code Cr.P.Ann. art. 38.22 § 3(c) (Supp.1982) makes admissible an oral statement provided the oral statement "contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property . . . ." Under either § 51.-09(b)(2) of the Family Code or art. 38.22

§ 3(c) of the Code of Criminal Procedure, appellant's oral confession was admissible, predicated upon the following facts.

Appellant told two Austin policemen that he participated in a burglary, that he took a television set, that he knew where the television set was located, and that he would make arrangement to have the television returned to his probation officer, Pam Jarvis. Pam Jarvis and Officer Rennie J. Dunn went to the parking lot of the H.E.B. Grocery Store at Seventh Street and Pleasant Valley Road where appellant's sister and another girl drove up in appellant's automobile and delivered the stolen television set to them.

This Court has concluded that appellant's oral statement led the investigators to the discovery of the television set, an item not theretofore discovered by the prosecution, and, as such, the oral statement was admissible pursuant either to Tex.Code Cr.P.Ann. art. 38.22 § 3(c) or Tex.Fam.Code Ann. § 51.09(b)(2).

█ Appellant's second ground of error is that the district court erred in admitting his oral confession when it was not shown that appellant was taken to a facility designated by the juvenile court pursuant to Tex.Fam. Code Ann. § 52.02 (1975). The evidence was that the police took appellant to the "Youth Services" division at the Austin police station. There was no proof that the "Youth Services" division at the police station was a "detention facility designated by the juvenile court." As stated in the margin above, the view of this Court is that in the revocation of probation hearing, appellant occupied the same status as he did in the trial for aggravated assault, an adult. It is therefore immaterial that it was not shown that appellant was taken to a facility designated by the juvenile court. The ground of error is overruled.

1. We doubt the validity of appellant's argument. The juvenile court waived its jurisdiction and transferred appellant to criminal district court for trial for aggravated assault. The district court assessed punishment but suspended imposition of sentence and placed appellant on probation. The revocation of probation proceeding is regarded simply as an administrative action. *Hill v. State,* 480 S.W.2d 200 (Tex.Cr.App.1972, cert. denied, 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (1972). Such administrative proceeding necessarily refers to and is a step within the aggravated assault case. Tex.Code Cr.P.Ann. art. 42.12 § 8(a) (Supp.1982). Logically, then, the Code of Criminal Procedure should continue to govern the revocation proceeding.

Appellant argues, finally, that the evidence did not preponderate that he violated the terms of his probation. This Court has reviewed the statement of facts and has no hesitancy in concluding that the order of revocation is amply supported by evidence.

The order of revocation is affirmed.