Michael Patrick **MAXWELL**, Appellant,

v.

**STATE of Texas**, Appellee.

No. B14–83–200–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 29, 1984.

Discretionary Review Granted Nov. 24, 1984.

Barry O'Keefe, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERT-SON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Michael Patrick Maxwell, appeals from a judgment of conviction for the offense of burglary of a habitation. At trial on August 27, 1979, the court appointed counsel for appellant pursuant to Tex. Code Crim.Proc.Ann. art. 26.04 (Vernon 1966); appellant waived the ten days which Article 26.04(b) allowed his attorney to prepare for trial; appellant waived indictment and entered a plea of guilty to the offense of burglary of a habitation. The court deferred adjudication of appellant's guilt, placed him on probation for five years and assessed a fine of three hundred dollars.

Subsequently, on February 26, 1981, the State filed a Motion to Adjudicate Guilt, alleging that appellant failed to report to his probation officer, pay supervision fees, and to reimburse Harris County for compensation paid to his appointed attorney. On February 14, 1983, appellant appeared in court without counsel, and the judge reset the case for February 21, 1983. On February 21, 1983, the trial court appointed new counsel for appellant. On February 24, 1983, after conducting a hearing, the court, for the above reasons, found that appellant had violated the terms of his probation, adjudicated his guilt, and assessed punishment at twenty years in the Texas Department of Corrections.

Appellant brings five points of error on appeal. In points of error one and two, appellant claims that the trial court erred in adjudicating appellant's guilt and conducting a hearing on punishment without giving appellant's attorney (1) adequate time or (2) ten days to prepare for trial. In points of error three and four, appellant alleges that the trial court erred in failing to withdraw or reject appellant's guilty plea because it became apparent that the plea was not made (3) intelligently or (4) voluntarily. Point of error five asserts that the trial court erred in not rejecting or withdrawing appellant's plea because the court did not carry out its bargain that it would not exceed the agreed recommended punishment. We disagree with appellant's points of error and affirm.

■ Appellant urges that Tex.Code Crim.Proc.Ann. art. 26.04(b) (Vernon 1966) requires that his appointed counsel have at least ten days to prepare for the hearing on the State's Motion to Adjudicate Guilt and assessing punishment. We disagree.

In *Hill v. State*, 480 S.W.2d 200 (Tex. Crim.App.1972), the Court of Criminal Appeals held that Article 26.04(b) does not apply to a hearing on a Motion to Revoke Probation. Tex.Code Crim.Proc.Ann. art. 42.12 § 3b (Vernon 1979), which governs Motions to Revoke Probation, provides that counsel shall be appointed "in accordance with Articles 26.04 and 26.05 of this Code." The Court in *Hill* said that this reference applied only to the circumstances in which counsel is appointed and did not include the

ten day trial preparation requirement of Article 26.04(b).

The other justices on this panel agree with the majority opinion in *Hill.* Although I disagree with its reasoning, we are bound by the *Hill* decision. If I were not so bound, I would follow the dissenting opinion of Presiding Judge Onion in the *Hill* case and hold that the ten day trial preparation requirement of Tex.Code Crim. Proc.Ann., art. 26.04(b) (Vernon 1966) applies to probation revocation and similarly to a hearing on a Motion to Adjudicate Guilt and assessing punishment.

However, the rule of *Hill* dictates that because Article 42.12, § 3d, which sets forth the procedure for deferred adjudication, does not mention Article 26.04, the ten day requirement does not apply to a hearing on a Motion to Adjudicate Guilt and assessing punishment. We overrule points of error one and two.

Next, appellant contends that the trial court committed reversible error by failing to offer appellant the opportunity to withdraw his guilty plea "when the court decided to break the promise previously made to appellant by the court that the court would not exceed the agreed recommendation as to punishment" and because this change made it clear that appellant's plea was not given intelligently or voluntarily. We disagree.

First, the trial court did not reject a plea bargain. On August 27, 1979, the court followed the plea bargain recommendation to defer adjudication of guilt and place appellant on five years probation. The court did not assess punishment until after the hearing on the Motion to Adjudicate Guilt on February 24, 1983. At that time, appellant rejected a second plea bargain offered by the State; therefore, no plea bargain was in effect at the time of sentencing.

Second, appellant had no right to withdraw his plea when the State filed its Motion to Adjudicate Guilt. *Pierce v. State,* 636 S.W.2d 734 (Tex.App.—Corpus Christi 1982, no pet.). *See McNew v. State,*

608 S.W.2d 166 (Tex.Crim.App.1980); *Walker v. State,* 557 S.W.2d 785 (Tex.Crim. App.1977). Whether to allow an accused to withdraw his plea is within the discretion of the trial court. *Jackson v. State,* 590 S.W.2d 514 (Tex.Crim.App.1979). Appellant has shown no abuse of discretion here. We overrule points of error four, five and six.

Accordingly, we affirm the judgment of the trial court.