Michael Patrick MAXWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 591–84.

Court of Criminal Appeals of Texas,
En Banc.

June 19, 1985.

Barry J. O'Keefe, Humble, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

On August 27, 1979, appellant waived indictment and, with his appointed counsel, waived further time to prepare for trial. Appellant then pled guilty to a felony information charging burglary of a habitation. The trial court deferred further proceedings without entering an adjudication of guilt, and placed appellant on probation for five years. See Art. 42.12, Sec. 3d, V.A.C.C.P.

On February 26, 1981, the State filed a motion to adjudicate guilt, alleging that appellant had failed to report to his probation officer, pay supervision fees, and to reimburse the county for compensation paid his appointed counsel.

On February 21, 1983, the trial court appointed new counsel to represent appellant. On February 24, the trial court held a hearing to determine whether to proceed to adjudicate guilt. See Art. 42.12, Sec. 3d(b), supra. The trial court found appellant guilty and assessed twenty years.

The Fourteenth Court of Appeals (Houston) affirmed the conviction. 681 S.W.2d 109, No. B14–83–200–CR, delivered March 29, 1984. The Court of Appeals rejected appellant's contentions that the trial court erred in adjudicating guilt and conducting a hearing on punishment without affording counsel ten days to prepare for trial or, in the alternative, adequate time to prepare. We granted appellant's petition for discretionary review to examine these contentions.

We note that appellant raised the contentions for the first time on appeal. Appellant and his counsel proceeded with the hearing on the motion to adjudicate without objection. The record reflects no motion

for a postponement or a continuance. There is no claim of injury to appellant and no attempt is made to show harm.

■ At the hearing, appellant testified in his own behalf. Appellant's mother also testified for him. Counsel elicited appellant's account and attempt at justification of why he had stopped paying his fees and reporting to his probation officer. Moreover, the record of the hearing reflects that the State had offered appellant five years "on Monday," that appellant's counsel had communicated this offer to him, and that appellant had rejected the offer. Counsel engaged in plea negotiations, put on evidence in appellant's behalf, and at no point sought a delay for more time to prepare. The Court of Appeals correctly rejected appellant's contention of inadequate time to prepare.

■ Appellant also contends that Art. 26.04(b), supra, requires a trial court to afford an indigent and his appointed counsel ten days to prepare for a hearing on a motion to adjudicate guilt. Art. 26.04, supra, provides as follows:

"Art. 26.04. Court Shall Appoint Counsel

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence.

"(b) The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

Art. 42.12, Sec. 3b, supra, provides that, when an indigent probationer requests counsel's assistance to show cause why his probation should not be revoked, "the court shall appoint counsel in accordance with Articles 26.04 and 26.05 of this Code to present the same."

In *Hill v. State*, 480 S.W.2d 200 (Tex.Cr. App.1971), this Court wrote:

"... [T]he plain meaning of Article 42.12 is that the provisions of Article 26.04 paragraph (a) shall be followed when the court appoints counsel. However, nothing in Article 42.12 purports to incorporate Article 26.04 paragraph (b), which provides for the ten day preparation requirement. To the contrary, all such procedure is governed by Section 8 of Article 42.12, which does not contain such a provision.

"We therefore hold that, absent a showing of harm, nothing in Article 42.12, V.A.C.C.P., or the United States Constitution requires a preparation period of ten days prior to a revocation hearing."

In *Hill*, the Court was construing Section 3b of Art. 42.12. Sec. 3b governs, by its terms, probation revocations "[w]here probation [was] recommended by the verdict of a jury as provided for in Sec. 3a [of Art. 42.12] ..." The procedure in the instant case is governed by Sec. 3d, which nowhere mentions Art. 26.04.

We have noted elsewhere, in connection with deferred adjudication of misdemeanors, that the probationer has a right to counsel in a proceeding to adjudicate guilt under Art. 42.13, Sec. 3d(b), supra. See *Thompson v. State*, 626 S.W.2d 750 (Tex. Cr.App.1981). Yet neither the misdemeanor nor the felony deferred adjudication statute requires the trial court to appoint counsel in accordance with Art. 26.04(b).

The judgment of the Court of Appeals is affirmed.

ONION, P.J., and CLINTON, J., concur in the result.

TEAGUE, Judge, concurring.

I agree with the majority opinion that the provisions of Art. 26.04, V.A.C.C.P., are inapplicable to this cause.[1] That statute

1. However, I am unable to understand why the    majority opinion cites, much less quotes from

provides in part that whenever the court determines *at arraignment or at any time prior to arraignment* that the accused is too poor to employ counsel, the court shall appoint him counsel, unless he waives his right to the assistance of counsel. The statute also provides: "The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused." A clear reading of the statute makes it obvious that it has no application whatsoever to a proceeding to determine whether the defendant's guilt should be adjudicated. The statute expressly does not apply to appointment of counsel after arraignment. However, a statutory exception to this statement is the fact that in a proceeding to revoke a defendant's "regular" probation, Art. 26.04, supra, is applicable. See Art. 42.12, Sec. 3b, V.A.C.C.P. However, Art. 42.12, Sec. 3d (b), V.A.C.C.P., which governs the procedure for adjudicating the guilt of a defendant who has been placed on deferred probation, does not contain a like provision. Thus, the majority correctly rules against the appellant.

I write only because the majority opinion does not discuss the related question of whether appellant was deprived of due process or due course of law, as guaranteed by the respective constitutions, when the hearing on the State's motion to adjudicate his guilt occurred just two days after counsel was appointed to represent him.

"Deferred Probation" is a strange animal in our law, as evidenced by this Court's past decisions that have discussed this kind of probation. See the cases cited on page 772 of the dissenting opinion that I filed in

*Daniels v. State*, 615 S.W.2d 771 (Tex.Cr. App.1981). I believe that the primary purpose of the State's motion or petition to adjudicate the defendant's guilt is nothing less than a statutory device to have the defendant brought before the trial court for it to make the determination whether, after a hearing, it will adjudicate the defendant's guilt on the original charge. *Daniels,* supra, at 773. When a defendant is brought before the trial judge for him to make the determination whether the defendant's deferred probation should be revoked, I believe that such legally amounts only to a resumption of the original proceeding. If the defendant was represented by court appointed counsel at the original proceeding such counsel may be recalled for him to represent the defendant at the hearing on the State's motion or petition to adjudicate the defendant's guilt, or the trial judge could appoint new counsel for purposes of the hearing. There is, however, no statutory period of time allowed for such counsel to prepare for the hearing. Thus, as to just how much time counsel and his client should be given in order to prepare for the hearing must be decided on a case by case basis and becomes a question of whether the defendant has been deprived of due process or due course of law. In this instance, appellant has not established that he was deprived of due process or due course of law. He is not entitled to any relief.

In this instance, neither counsel for appellant nor appellant himself objected to proceeding with the hearing on February 24, 1983, two days after counsel was appointed to represent appellant, nor did ei-

---

*Hill v. State,* 480 S.W.2d 200 (Tex.Cr.App.1971), (On Appellant's Motion for Rehearing), which should be expressly overruled for the reasons expressed in the dissenting opinion that was filed by Presiding Judge Onion in *Hill v. State,* supra. In *Hill,* supra, a majority of this Court held that conducting a hearing on a motion to revoke "regular" probation less than ten days after appointment of counsel, as provided by Art. 26.04, supra, was not error. However, *Hill v. State, supra,* is inapplicable to this cause for the simple reason that in this cause we are not dealing with a State's motion or petition to

revoke "regular" probation, but, instead, are dealing with a State's motion to adjudicate the appellant's guilt. "The procedure provided for deferred adjudication is different from the other type or types of probation provided by the statute, and it is clear the Legislature intended that after adjudication of guilt following deferred adjudication the assessment of punishment shall be as if the adjudication of guilt had not been deferred." *McNew v. State,* 608 S.W.2d 166, 177 (Tex.Cr.App.1980). (On Appellant's Motion for Rehearing).

ther move to have the hearing continued until another day, in order that they might more fully prepare for the hearing. Appellant also does not claim that he has been harmed or injured by proceeding with the hearing in less than the usual ten days' time that most trial courts allow counsel to prepare for a hearing on a State's motion or petition to adjudicate a defendant's guilt. Because appellant has not shown a deprivation of due process or due course of law he is not entitled to any relief.

I concur.