NO. 07-01-0369-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 20, 2002



______________________________




CAROLYN MITCHELL SALDANA
, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13434-9906; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 By this appeal, appellant Carolyn Mitchell Saldana challenges the trial court's
judgment revoking her probation for unauthorized absence from a correctional facility and
imposing a sentence of two years confinement in a state jail facility and a fine of $1,000. 
By one point of error, appellant contends she was denied effective assistance of counsel
when her attorney: (a) failed to investigate or present an existing affirmative defense to the
allegations in the State's motion to revoke probation; and (b) failed to prevent her from
being called by the State as a witness during the hearing on the State's motion to revoke
probation. Based upon the rationale expressed herein, we affirm.

 Pursuant to a guilty plea for the offense of unauthorized absence from a correctional
facility, on April 3, 2000, appellant was sentenced to two years in a state jail facility and
a $1,000 fine, suspended for five years of community supervision. On July 17, 2001, the
State filed a motion to revoke community supervision asserting that appellant (1) failed to
pay restitution, court costs, supervision fees, and her fine, (2) failed to complete
community service, (3) failed to attend adult graduation equivalency diploma (GED)
classes, (4) failed to take the GED within one year, and (5) failed to pay her Crime
Stoppers fee. Appellant signed a stipulation of evidence and after being admonished by
the trial court, plead true to violating the above-mentioned conditions of community
supervision, and testified at the revocation hearing. The trial court granted the State's
motion to revoke and assessed a sentence of two years confinement in a state jail facility
and a $1,000 fine. 

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community
supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). Although one
sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d
924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial
court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

 Appellant signed a stipulation of evidence admitting that the allegations in the
motion to revoke were true and correct. Although appellant contends in her brief that
counsel was ineffective and unprofessional in convincing her to enter a plea of true, the
record does not support that allegation. Chetwood v. State, 31 S.W.3d 368, 371
(Tex.App.-San Antonio 2000, pet. ref'd). The record shows that the trial court questioned
appellant regarding her plea of true as follows:

 The Court: Now, has anyone forced you to plead true?

 The Defendant: No, sir.

 The Court: Has anyone promised you anything to get you to plead true?

 The Defendant: No, sir.

 The Court: Has anyone threatened you, intimidated you, or made you plead
true, when you didn't want to?

 The Defendant: No, sir.

 The Court: Are you pleading true because those allegations are true, and for
no other reason?

 The Defendant: Yes, sir.


Accordingly, the stipulation of evidence and her voluntary plea of true are each sufficient
to support the trial court's revocation order. Nevertheless, we will examine appellant's
ineffective assistance claims.

 By her contentions, appellant argues her trial counsel was ineffective by failing to
investigate and present the affirmative defense of inability to pay, and by allowing her to
be called by the State to testify at the revocation hearing. We disagree. Although a
probation revocation hearing is administrative in nature, a probationer has the right to
reasonably effective counsel. Hill v. State, 480 S.W.2d 200, 202-03 (Tex.Cr.App. 1971),
cert. denied, 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (1972). Under Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming
ineffective assistance of counsel must establish that (1) counsel's performance was
deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a
reasonable probability that but for counsel's deficient performance, the result of the
proceeding would have been different, a reasonable probability being a probability
sufficient to undermine confidence in the outcome. Hernandez v. State, 726 S.W.2d 53,
55 (Tex.Cr.App. 1986).

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Garcia v. State,
887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021, 115 S.Ct. 1368,
131 L.Ed.2d 223 (1995). Although the constitutional right to counsel ensures the right to
reasonably effective counsel, it does not guarantee errorless counsel whose competency
or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d
503, 509 (Tex.Cr.App. 1984); see also Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App.
1993). A strong presumption exists that defense counsel's conduct falls within a wide
range of reasonable representation. Strickland, 466 U.S. at 690, 104 S.Ct. at 2064, 80
L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), cert. denied,
529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a challenge of
ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615
S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption
that counsel's conduct might be considered sound trial strategy. Jackson v. State, 877
S.W.2d 768, 771 (Tex.Cr.App. 1994). After proving error, a defendant must also
affirmatively demonstrate prejudice. Garcia, 887 S.W.2d at 880. Failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id.

 By her first allegation, appellant asserts trial counsel was ineffective for failing to
assert inability to pay as an affirmative defense to the allegation contained in the State's
motion to revoke. Relying on article 42.12, section 21(c) of the Texas Code of Criminal
Procedure, the State argues this defense was not available to appellant at the revocation
hearing because it was not the only ground alleged for revocation. The statute provides:

 In a community supervision revocation hearing at which it is alleged only that
the defendant violated the conditions of community supervision by failing to
pay compensation paid to appointed counsel, community supervision fees,
court costs, restitution, or reparations, the inability of the defendant to pay
as ordered by the judge is an affirmative defense to revocation, which the
defendant must prove by a preponderance of evidence.


Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp. 2002). (Emphasis added). 
When failure to pay fees and costs is an issue at a revocation hearing, inability to pay is
an affirmative defense which must be raised and proved by a preponderance of evidence
regardless of whether it is the only ground upon which revocation is sought. (Emphasis
added). See Stanfield v. State, 718 S.W.2d 734, 737 (Tex.Cr.App. 1986) (construing the
word "only" in the statute). 

 Appellant's stipulation of evidence was sufficient to support revocation on at least
three other grounds alleged by the State (i.e., failure to complete community supervision,
failure to attend GED classes, and failure to take the GED within one year); thus, the
affirmative defense of inability to pay would have been futile. Moore, 605 S.W.2d at 926. 
Based on the record before us, we conclude that counsel's performance was not deficient
for failing to investigate or present the affirmative defense of inability to pay. 

 Appellant next faults trial counsel for failing to prevent the State from calling her as
a witness. We disagree. Ultimately, the question of whether to testify is a decision to be
made by the client. Valdes-Fuerte v. State, 892 S.W.2d 103, 111 (Tex.App.-San Antonio
1994, no pet.). The record shows that the State called appellant as a witness "for the
limited purpose of introduction of Stipulation of Evidence." Appellant had the final word
on whether to testify and she has not demonstrated that taking the stand was due to any
error by counsel. Having concluded that counsel's performance was not deficient, we
need not consider the second prong of Strickland. The trial court did not abuse its
discretion in revoking appellant's community supervision. Point of error one is overruled.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Do not publish.