**Stanford Lee THOMPSON**

**v.**

**The STATE of Texas.**

**No. 05–91–01767–CR.**

Court of Appeals of Texas, Dallas.

March 22, 1993.

John H. Hagler, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before THOMAS, MALONEY and KAPLAN [1], JJ.

---

1. Justice Jeff Kaplan participated in this case at the time it was submitted for decision. However, Justice Kaplan did not participate in the issuance of this opinion.

## OPINION

THOMAS, Justice.

Stanford Lee Thompson was convicted of aggravated robbery upon his plea of guilty. The trial court assessed punishment at thirty-six years' confinement and imposed a $1000 fine. In a single point of error, appellant claims that the trial court erred in refusing to allow him to withdraw his guilty plea. We disagree. Accordingly, we overrule the point of error and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 1991, appellant entered his guilty plea. Following the trial court's admonishment, the State offered into evidence appellant's judicial confession and written stipulation of evidence.[2] Without objection, the document was admitted. Thereafter, the State "rested" and defense counsel replied, "Rest and close, Your Honor." The trial court accepted the plea, found that appellant was mentally competent, and further found that his plea was freely and voluntarily given. The court, however, did not make a finding of guilt at that time. Instead, the trial court passed the case until November 8, 1991, for a pre-sentence report.

At the November hearing, the State first offered appellant's voluntary statement pertaining to this offense. The statement was admitted without objection. Thereafter, the complainant testified to the events surrounding this offense. Complainant stated that on July 5, 1991, as she was about to enter a drug store, a man tried to take her purse. When he was initially unsuccessful at gaining possession of the purse, the man began beating complainant. The blows continued even after the man had obtained control over the purse. As a police car approached, the man ran off with complainant's purse. Complainant described in detail the nature and extent of

her injuries, the medical care that she had already received as well as her need for further medical treatment. On cross-examination, complainant stated that she had already incurred expenses of approximately five to six thousand dollars and that additional sums would have to be expended.

During appellant's testimony, he related that he had never seen the complainant before, stating, "That's not the lady I got the purse from." Appellant admitted that he and his brother had taken purses from a number of women in this general vicinity on the same day that complainant was robbed. However, he insisted that he did not have a physical altercation with any of the victims. Following this testimony, defense counsel requested that the court allow appellant to withdraw his plea. The request was denied.

### PARTIES' CONTENTIONS

Appellant argues that he was entitled as a matter of right to withdraw the guilty plea because his request was made before the trial court's finding of guilt and corresponding imposition of punishment. Alternatively, appellant argues that the trial court abused its discretion in failing to allow such withdrawal.

The State counters that there was no right of withdrawal, as a matter of law, because the trial court had taken the case under advisement. Therefore, it was discretionary with the court to grant or deny appellant's request. Further, the State argues that the trial court did not abuse its discretion in this regard.

### APPLICABLE LAW

██ A liberal practice prevails in this State concerning the withdrawal of a guilty plea. *McWherter v. State*, 571 S.W.2d 312, 313 (Tex.Crim.App. [Panel Op.] 1978). A defendant may withdraw his guilty plea as

---

**2.** In State's Exhibit 1, appellant stated in relevant part that:

I did unlawfully then and there while in the course of committing theft with the intent to obtain and maintain control of the property

of Charlene Barnum ... did ... knowingly and intentionally cause bodily injury to the said complainant, a person 65 years of age or older, by striking said Charlene Barnum with his [sic] hand. ...

a matter of right without assigning reason until such judgment has been pronounced *or the case has been taken under advisement. See Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App. [Panel Op.] 1979). However, if a defendant requests permission to withdraw a guilty plea after the trial judge has taken the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *Jackson,* 590 S.W.2d at 515; *McWherter,* 571 S.W.2d at 313 n. 2.

■ Thus, the issue is whether the trial court *took the case under advisement* at the conclusion of the initial hearing. In a situation substantially identical to the circumstances of our case, the Texas Court of Criminal Appeals found no abuse of discretion on the part of the trial court in refusing to allow the withdrawal of a guilty plea after the plea had been accepted and the case was passed for a pre-sentence investigation. *See Jackson,* 590 S.W.2d at 515. In *Jackson,* the defendant entered his guilty plea on March 13, 1978. 590 S.W.2d at 514. After accepting the plea, the trial court passed the case for a pre-sentence investigation. On April 28, the case was called for the purpose of assessing punishment. At that time, the defendant declared that he wished to withdraw his guilty plea and enter a plea of not guilty. Defendant's request was denied. *Jackson,* 590 S.W.2d at 514. The court characterized the passing of the case for a pre-sentence investigation as "taking the case under advisement." *Jackson,* 590 S.W.2d at 515; *see also DeVary v. State,* 615 S.W.2d 739, 740 (Tex.Crim.App. [Panel Op.] 1981); *Wissinger v. State,* 702 S.W.2d 261, 262–63 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd).

In support of his argument, appellant directs our attention to *Wilson v. State,* 515 S.W.2d 274 (Tex.Crim.App.1974). In *Wilson,* the defendant sought to withdraw his guilty plea before the evidence was closed and the case was sent to the factfinder. 515 S.W.2d at 274. After the request was denied, further evidence was adduced. The court found that the trial court erred in refusing to recognize the defendant's right to withdraw his guilty plea. *Wilson,* 515 S.W.2d at 275. We conclude that *Wilson* is not dispositive of the issue presented in our case. First, in *Wilson,* it is difficult to determine the precise timing of the defendant's request to withdraw his plea. Based upon the disposition of the appellate complaint, it appears that the defendant attempted to withdraw his plea during the guilt/innocence stage of the trial, *i.e.,* before guilt had been established.[3] Further, all of the events in *Wilson* apparently occurred during one hearing. There is nothing to indicate that the trial court accepted the plea and that the case was proceeding solely on the punishment issues.

Our case involves a significantly different procedural posture. Appellant's guilt had been established at the initial hearing.[4] Each side had obviously concluded its presentation of evidence on the subject of guilt. The plea had been accepted and all of the required admonishments had been given. The only issue remaining to be decided was the appropriate punishment. We do not think the fact that the court proceeded to hear testimony at the punishment phase reopened the issue of guilt. Because of the procedural similarities and the Texas Court of Criminal Appeal's clear characterization of passing a case for a pre-sentence investigation as *taking a case under advisement,* we conclude that *Jackson* and *DeVary* are the controlling authorities for our factual situation.

■ In an alternative argument, appellant contends that the trial court abused its discretion in denying his request. Without any amplification or explanation to support this statement, appellant cites us generally to *Jackson.* For the reasons previously set

3. The court of criminal appeals determined that the error was harmless because the defendant took the stand and made a judicial confession, a written judicial confession was placed in evidence, and the evidence of guilt was overwhelming. *Wilson,* 515 S.W.2d at 275.

4. The judicial confession was sufficient evidence to support appellant's conviction. *See Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim. App. [Panel Op.] 1979); *Cevalles v. State,* 513 S.W.2d 865, 866 (Tex.Crim.App.1974).

forth, we conclude that appellant's reliance upon *Jackson* is misplaced. Further, the record does not demonstrate that the trial court abused its discretion in denying appellant's request. Accordingly, we overrule appellant's point of error.

The trial court's judgment is affirmed.