Maurice WASHINGTON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–92–01728–CR.

Court of Appeals of Texas,
Dallas.

Jan. 3, 1995.

John G. Tatum, Dallas, for appellant.

Sue Kurioth, Dallas, for appellee.

Before THOMAS, OVARD, and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

Maurice Washington, Jr. appeals his conviction for unlawful possession of less than twenty-eight grams of cocaine. The trial judge deferred adjudication of guilt and placed appellant on probation. One year later, the State filed a motion to proceed to adjudication of guilt. During the hearing on the motion, the trial judge found appellant had violated the terms of his probation. The trial judge then adjudicated guilt and assessed punishment, enhanced by two prior felony convictions, at fifty years' confinement. In a single point of error, appellant claims the trial judge erred in denying his request to withdraw his pleas of true to the enhancement paragraphs. We affirm the trial court's judgment.

## BACKGROUND

Appellant first appeared before the trial judge in July 1991. The judge admonished appellant of the range of punishment for the offense of cocaine possession. Since appellant had two prior felony convictions, the trial judge also admonished him of the enhanced ranges of punishment. Appellant waived his right to a jury trial and entered an open plea of guilty. He then pleaded true to the enhancement paragraphs. After hearing evidence of the cocaine possession charge as well as appellant's admission to three prior felony convictions, the judge accepted appellant's pleas of guilty and true. Finding the evidence sufficient to substantiate the guilty plea, the trial judge deferred adjudication of guilt and placed appellant on ten years' probation.

In July 1992, the State filed a motion to proceed to adjudication of guilt. The motion alleged that appellant had violated the terms of his probation. Appellant entered a plea of true to the motion but asked the trial judge to allow him to withdraw his pleas of true to the second and third enhancement paragraphs. The judge denied the request. The judge then found appellant guilty as charged.

Appellant again requested to withdraw his pleas of true. The judge denied the request and sentenced appellant to fifty years' confinement.

## REQUEST TO WITHDRAW PLEAS OF TRUE

Appellant asserts the trial judge erred in denying his request to withdraw his pleas of true to the enhancement paragraphs. Appellant maintains the trial judge, upon timely request, was required to allow him to withdraw his pleas because the trial judge had not yet taken the case under advisement or pronounced judgment. Appellant contends the case was not under advisement because the trial judge had not yet heard all the evidence on the State's motion to adjudicate. Although he has not referred us to any cases on point, appellant urges us to rely on case law concerning the withdrawal of guilty pleas to decide this appeal.

Texas courts construe the right to withdraw a guilty plea liberally. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Crim.App. [Panel Op.] 1979). A defendant may withdraw his guilty plea *as a matter of right* until the case has been taken under advisement or the judgment has been pronounced. *Jackson*, 590 S.W.2d at 515. A case is under advisement after each side has concluded its case-in-chief, the defendant has entered a plea of guilty, the plea has been accepted, and the necessary admonishments have been given, even though the issue of punishment remains. *Thompson v. State*, 852 S.W.2d 268, 270 (Tex.App.—Dallas 1993, no pet.). Once the trial judge takes the case under advisement or pronounces judgment, the withdrawal of a defendant's guilty plea is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515; *Thompson*, 852 S.W.2d at 270.

When a person enters a plea of guilty, the proceeding becomes a unitary proceeding. This applies regardless of whether the plea is entered before a judge or a jury. *See Ricondo v. State*, 634 S.W.2d 837, 841 (Tex.Crim.App.1982) (op. on reh'g); *Frame v. State*, 615 S.W.2d 766, 767 n. 1 (Tex.Crim. App. [Panel Op.] 1981); *Basaldua v. State*,

481 S.W.2d 851, 853 (Tex.Crim.App.1972). As the court of criminal appeals has noted, once an appellant enters a guilty plea, the court should conduct the trial as a unitary proceeding rather than allowing the defendant to "piecemeal" his plea of guilty and true. *See Ricondo,* 634 S.W.2d at 842. We conclude that when a defendant pleads guilty to the primary offense and true to the enhancement allegations and receives probation after the judge defers adjudication, the trial becomes a unitary proceeding. Thus, the time during which the plea of true may be withdrawn as a matter of right is the same as for the guilty plea. *See Ricondo,* 634 S.W.2d at 842.

 During the July 1991 hearing, the trial judge admonished appellant of the range of punishment for the underlying offense enhanced by both paragraphs. Appellant entered a plea of guilty to the underlying offense and pleas of true to the enhancement paragraphs. The State and appellant then presented their evidence. After they concluded, the trial judge accepted appellant's pleas and found the evidence sufficient to support the guilty plea. The trial judge then deferred appellant's adjudication. As in *Thompson,* both sides presented evidence and rested, the trial judge admonished appellant on the ranges of punishment, appellant entered pleas of guilty and true, and the trial judge accepted appellant's pleas. In this case, the trial judge specifically found the evidence sufficient to substantiate appellant's guilty plea. In addition, appellant's pleas of true, standing alone, were sufficient to support a finding that the allegations in the enhancement paragraphs were true. *See, e.g., Dinn v. State,* 570 S.W.2d 910, 915 (Tex. Crim.App. [Panel Op.] 1978). We conclude the trial court took the case under advisement at the conclusion of the July 1991 hearing. *See Thompson,* 852 S.W.2d at 270.

 Because the case was under advisement at the time of appellant's motion, any decision to grant or deny a motion to withdraw a guilty plea or a plea of true is a matter committed to the trial court's sound discretion. *See DeVary v. State,* 615 S.W.2d 739, 740 (Tex.Crim.App. [Panel Op.] 1981); *Maxwell v. State,* 681 S.W.2d 109, 111 (Tex.

App.—Houston [14th Dist.] 1984) (when State files motion to adjudicate, defendant has no right to withdraw guilty plea), *aff'd on other grounds,* 691 S.W.2d 696 (Tex.Crim. App.1985). Appellant did not ask to withdraw his pleas of true to the enhancement paragraphs until the hearing on the State's motion to adjudicate, one year after the trial judge took the case under advisement. The Texas Court of Criminal Appeals and this Court have held that a trial court did not abuse its discretion by denying a motion to withdraw a guilty plea under similar circumstances. *See DeVary,* 615 S.W.2d at 740 (denial of request to withdraw guilty plea not abuse of discretion when case already under advisement for two months); *Jackson,* 590 S.W.2d at 515 (refusing request to withdraw plea of guilty not abuse of discretion when case under advisement for six weeks); *Thompson,* 852 S.W.2d at 270 (no abuse of discretion when trial judge denied request to withdraw guilty plea and case under advisement for twenty-four days). We conclude the court did not err in refusing to allow appellant to withdraw his pleas of true. We overrule appellant's sole point of error.

We affirm the trial court's judgment.