TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00558-CR


NO. 03-94-00559-CR


NO. 03-94-00560-CR


NO. 03-94-00561-CR


NO. 03-94-00562-CR


NO. 03-94-00563-CR







Robert Daniel Evans, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 203RD JUDICIAL DISTRICT


NOS. F-9420404-WP, F-9423015-HP, F-9423021-HP


F-9441676-KP, F-9454279-LP, F-9454280-KP 


HONORABLE JAMES B. ZIMMERMANN, JUDGE PRESIDING







PER CURIAM


 In a consolidated proceeding before the district court, appellant pleaded guilty and
judicially confessed to burglary of a vehicle (two cases), felony criminal mischief, aggravated
robbery (two cases), and unauthorized use of a vehicle. In the aggravated robbery causes, the
court found appellant guilty and assessed punishment at imprisonment for thirty years. In the
remaining causes, the court found that the evidence substantiated appellant's guilt, deferred further
proceedings without adjudicating guilt, and placed appellant on community supervision for ten
years.

 Appellant's sole point of error is that the district court erred by refusing to allow
him to withdraw his guilty pleas. Appellant entered his pleas in open court on July 12, 1994. 
There was no plea bargain agreement. The court accepted the pleas, then heard appellant's
judicial confessions. The State presented its punishment evidence the following day. After the
State rested, the causes were continued until August 5. On that date, appellant asked the court
for permission to withdraw his guilty pleas. The court denied appellant's request and, after
hearing defensive testimony, disposed of the causes as detailed above.

 A defendant may withdraw his guilty plea as a matter of right before judgment is
pronounced or the case is taken under advisement. Jackson v. State, 590 S.W.2d 514, 515 (Tex.
Crim. App. 1979). Thereafter, withdrawal of the plea is within the sound discretion of the trial
court. Id. A case is considered to be under advisement when the court has accepted the
defendant's guilty plea and heard his judicial confession, and the only issue remaining is the
determination of punishment. Id.; Thompson v. State, 852 S.W.2d 268, 270 (Tex. App.--Dallas
1993, no pet.).

 Appellant's decision to withdraw his guilty pleas was occasioned by the return,
after the pleas were entered and accepted, of three additional indictments accusing him of
aggravated robbery. As appellant explains in his brief:


Appellant entered his plea to the six cases at hand based on the assumption that the
three additional cases, which had been no-billed but resubmitted and later true-billed by the grand jury, did not in fact exist. His concern, as articulated during
the plea, was that any subsequent sentencing would not necessarily result in
sentences which would run concurrent to the ones at hand . . . . While Appellant
did not enter a negotiated plea, he asserts that due process considerations mandate
fairness to him . . . . Although Appellant did not reply to [sic] a plea bargain, he
relied on the State's filing of the limited number of (six) cases he thought would
be the only ones brought against him.



As we understand it, appellant hoped to dispose of all his outstanding criminal charges in a single
proceeding. Appellant was concerned that if the other three robberies were tried separately, the
sentences in those cases might not run concurrently with the sentences in the causes before us.

 We are unpersuaded by this argument. So far as the record before us reflects,
appellant's guilty pleas were knowingly and voluntarily made. There was no promise by the
State, express or implied, that the three aggravated robberies that had previously been no-billed
would not be prosecuted. Further, appellant had no right to concurrent sentences in every
prosecution pending against him. Carney v. State, 573 S.W.2d 24, 27 (Tex. Crim. App. 1978);
Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 1995). Appellant's mistaken assumption
that the other robberies would be forgotten did not give him a due process right to withdraw his
guilty pleas after they had been taken under advisement. The district court did not abuse its
discretion by refusing to permit appellant to withdraw his pleas. The point of error is overruled.

 In cause numbers 3-94-561-CR and 3-94-562-CR, the judgments of conviction are
affirmed. In cause numbers 3-94-558-CR, 3-94-559-CR, 3-94-560-CR, and 3-94-563-CR, the
orders deferring adjudication are affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: August 23, 1995

Do Not Publish