TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00159-CR







Dudley S. Dockery, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 103,390, HONORABLE MIKE LYNCH, JUDGE PRESIDING







PER CURIAM


 In September 1990, appellant pleaded guilty to an indictment accusing him of
burglary of a habitation. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen.
Laws 883, 926 (Tex. Penal Code Ann. § 30.02, since amended). There was no plea bargain. 
After hearing evidence, the district court found appellant guilty and recessed the trial for the
preparation of a presentence report. One month later, the court withdrew its finding of guilty and
placed appellant on deferred adjudication probation. In January 1995, the court revoked
appellant's probation on the State's motion, adjudicated appellant guilty, and assessed punishment
at imprisonment for thirty-five years.

 Appellant contends the district court erred by refusing to allow him to withdraw
his guilty plea at the October sentencing proceeding. A defendant may withdraw his guilty plea
as a matter of right before judgment is pronounced or the case is taken under advisement. Jackson
v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). Thereafter, withdrawal of the plea is
within the sound discretion of the trial court. Id. A case is considered to be under advisement
when, as in this cause, the court has accepted the defendant's guilty plea and heard his judicial
confession, and the only issue remaining is the determination of punishment. Id.; Thompson v.
State, 852 S.W.2d 268, 270 (Tex. App.--Dallas 1993, no pet.).

 Appellant argues, "[T]he simple fact that defendant did ask to withdraw his plea
should have put both the Court and the Defendant's attorney on notice that the defendant was not
satisfied with the sentence, and the Court should have allowed him to withdraw his plea. 
Otherwise, the judge should not have made the offer to allow the defendant's [sic] to withdraw
their plea at the beginning of the session." Appellant refers to a statement by the court addressed
to all defendants present for sentencing. The court said, "If you do not want probation, you ought
to tell your lawyer right now." Contrary to appellant's assertion, the court did not offer to permit
the withdrawal of guilty pleas.

 Appellant's request to withdraw his plea was apparently due to his unhappiness with
the conditions of probation. Appellant did not, however, accept the court's invitation to decline
probation in favor of imprisonment. Appellant's dissatisfaction with the conditions of probation
did not entitle him to withdraw his guilty plea after the cause was taken under advisement. No
abuse of discretion is shown.

 In the same point of error, appellant contends his guilty plea was involuntary
because the district court failed to inform him that, in a deferred adjudication case, no appeal may
be taken from the determination to proceed to adjudication of guilt. A defendant placed on
deferred adjudication probation must be informed by the court of the possible consequences of a
probation violation. Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen.
Laws 3471, 3500-01 (Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a), since amended). One of
the consequences of which the defendant must be informed is that if he violates the conditions of
probation, the court may proceed to adjudicate him guilty on the original charge and that no
appeal can be taken from the determination to proceed to adjudication. Ward v. State, Nos. 3-94-655-CR et seq. (Tex. App.--Austin Aug. 30, 1995, pet. filed).

 There was no plea bargain regarding the punishment to be assessed in this cause. 
Before accepting appellant's guilty plea, the court admonished him regarding the range of
punishment attached to the offense. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West 1989). 
Appellant testified that no promises were made in exchange for his plea. The decision to place
appellant on deferred adjudication probation was made one month after he pleaded guilty.

 Article 42.12, section 5(a) does not require that a defendant be informed of the
possible consequences of a deferred adjudication probation violation before his guilty plea is
accepted. Because there was no plea bargain agreement or other connection between appellant's
guilty plea and the district court's decision to grant deferred adjudication, the court's failure to
fully inform appellant of the consequences of a probation violation did not retroactively render
the guilty plea involuntary. Ward.

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: October 11, 1995

Do Not Publish



 appellant guilty and recessed the trial for the
preparation of a presentence report. One month later, the court withdrew its finding of guilty and
placed appellant on deferred adjudication probation. In January 1995, the court revoked
appellant's probation on the State's motion, adjudicated appellant guilty, and assessed punishment
at imprisonment for thirty-five years.

 Appellant contends the district court erred by refusing to allow him to withdraw
his guilty plea at the October sentencing proceeding. A defendant may withdraw his guilty plea
as a matter of right before judgment is pronounced or the case is taken under advisement. Jackson
v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). Thereafter, withdrawal of the plea is
within the sound discretion of the trial court. Id. A case is considered to be under advisement
when, as in this cause, the court has accepted the defendant's guilty plea and heard his judicial
confession, and the only issue remaining is the determination of punishment. Id.; Thompson v.
State, 852 S.W.2d 268, 270 (Tex. App.--Dallas 1993, no pet.).

 Appellant argues, "[T]he simple fact that defendant did ask to withdraw his plea
should have put both the Court and the Defendant's attorney on notice that the defendant was not
satisfied with the sentence, and the Court should have allowed him to withdraw his plea. 
Otherwise, the judge should not have made the offer to allow the defendant's [sic] to withdraw
their plea at the beginning of the session." Appellant refers to a statement by the court addressed
to all defendants present for sentencing. The court said, "If you do not want probation, you ought
to tell your lawyer right now." Contrary to appellant's assertion, the court did not offer to permit
the withdrawal of guilty pleas.

 Appellant's request to withdraw his plea was apparently due to his unhappiness with
the conditions of probation. Appellant did not, however, accept the court's invitation to decline
probation in favor of imprisonment. Appellant's dissatisfaction with the conditions of probation
did not entitle him to withdraw his guilty plea after the cause was taken under advisement. No
abuse of discretion is shown.

 In the same point of error, appellant contends his guilty plea was involuntary
because the district court failed to inform him that, in a deferred adjudication case, no appeal may
be taken from the determination to proceed to adjudication of guilt. A defendant placed on
deferred adjudication probation must be informed by the court of the possible consequences of a
probation violation. Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen.
Laws 3471, 3500-01 (Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a), since amended). One of
the consequ