COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-04-603-CR

 

CHARLES W. CRUMPTON, JR.                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

Appellant Charles W. Crumpton, Jr. appeals his
conviction for possession of methamphetamine with intent to deliver.  In one point, appellant complains that the
trial court abused its discretion when it denied his request to withdraw his
guilty plea.  We affirm. 








Appellant entered an open plea of guilty before
the trial court on October 21, 2004.  In
written admonishments signed that same day, appellant waived the preparation of
a presentence investigation (PSI) report. 
The trial court accepted the plea of guilty and took the case under
advisement pending a PSI report.[2]  On December 21, 2004, the trial court sentenced
appellant to eight years in prison. 
Before the trial court pronounced the sentence at the hearing, appellant
objected to the PSI report and requested that he be allowed to withdraw his
guilty plea.  The trial court denied
appellant=s request.

Appellant complains that the trial court abused
its discretion when it denied his request to withdraw his plea.  He contends that his guilty plea was
involuntary because it was based on the misinformation that a PSI report would
not be prepared prior to sentencing.  








Where, as here, an appellant was duly admonished,
the admonishments create a prima facie showing that the guilty plea was entered
knowingly and voluntarily.[3]  The appellant bears the burden of
demonstrating that he was harmed because he did not fully understand the
consequences of his plea.[4]  Generally, a guilty plea may be withdrawn as
a matter of right without assigning a reason until the trial court accepts the
plea.[5]  After the trial court accepts the plea,
allowing withdrawal of the plea is within the court=s sound
discretion.[6]


In determining whether the trial court abused its
discretion, we must uphold the trial court=s ruling
if it is reasonably supported by the record and is correct under any theory of
law applicable to the case.[7]  We must review the trial court=s ruling
in light of what was before the trial court at the time the ruling was made.[8]  The trial court will not be overturned as
long as its ruling was within the zone of reasonable disagreement.[9]  The mere fact that a trial court may decide a
matter within its discretionary authority in a different manner than an
appellate court would in a similar circumstance does not demonstrate that an
abuse of discretion has occurred.[10]








The mere fact that appellant claims that he did
not know that a PSI report would be prepared prior to his sentencing is not,
standing alone, a sufficient basis for us to hold that his plea was
involuntary.[11]  Prior to his plea, appellant waived his right
to a PSI as part of the written plea admonishments.  There is, however, no evidence in the record
showing that his counsel or the trial court told him that a PSI would not be
prepared or that he was promised the trial court would not order a PSI.[12]  To the contrary, appellant signed an
admonishment stating that he was not promised anything in exchange for his
plea.[13]








Moreover, there is evidence that appellant did,
in fact, know that a PSI would be prepared. 
The trial court=s certificate of proceedings
bears the hand-written notation that the trial court accepted the plea but Adefers
finding pending PSI.@ 
At the hearing on appellant=s
request to withdraw his plea, the trial judge stated, AI am
certain that we discussed at the time that he requested a presentence
investigation report and that=s why I
ordered one.@ 
She also reminded appellant that she had already accepted his plea and
therefore had already closed the window of time in which he could withdraw his
plea as a matter of right.  Considering
the record as a whole, and faced with the absence of any evidence indicating
that appellant was misinformed about whether a PSI would be prepared, we hold
that it reasonably supports the trial court=s ruling
that appellant=s guilty plea was knowing and
voluntary. 

Accordingly, we hold that the trial court did not
abuse its discretion in refusing appellant=s
request to withdraw his guilty plea.  We
overrule appellant=s sole point and affirm the
trial court=s judgment. 

 

PER
CURIAM

 

PANEL F:    CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

PUBLISH

 

DELIVERED: November 10,
2005

 











[1]See Tex. R. App. P. 47.4.





[2]Once the trial court has
admonished the defendant, received the plea, and received evidence, the passage
of the case for a PSI constitutes taking the case under advisement.  Jackson v. State, 590 S.W.2d 514, 515
(Tex. Crim. App. 1979).





[3]Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998). 





[4]Id.





[5]A trial court accepts the
plea after (1) the defendant has entered a plea of guilty or nolo contendere;
(2) the trial court has admonished him; (3) the trial court has heard evidence
in support of the plea, and (4) the trial court accepts the plea bargain
agreement, if any, even though the issue of punishment remains.  Thompson v. State, 852 S.W.2d 268, 270
(Tex. App.CDallas 1993, no pet.).





[6]Jackson, 590 S.W.2d at 515.





[7]Carrasco v. State, 154 S.W.3d 127, 129
(Tex. Crim. App. 2005).





[8]Id.; Weatherred v. State,
15 S.W.3d 540, 542 (Tex. Crim. App. 2000).





[9]Id.





[10]Manning v. State, 114 S.W.3d 922, 926
(Tex. Crim. App. 2003).  





[11]Cf. Fimberg v. State, 922 S.W.2d 205, 207
(Tex. App.CHouston [1st Dist.] 1996,
pet. ref=d) (holding that
defendant=s claim that he was
misinformed by counsel is not enough to hold that his plea was involuntary when
record contains no evidence of alleged misinformation by counsel other than
appellant=s own testimony). 





[12]There is no record of the
guilty plea hearing and no testimony was taken at the continuation of the
hearing after the PSI was completed. 





[13]The cases on which
appellant relies are inapposite because they all involved evidence showing that
the appellant was promisedCor believed he was promisedCsomething in exchange for
his guilty plea.  See McGuire v. State,
617 S.W.2d 259, 261 (Tex. Crim. App. 1981) (promises regarding punishment); Rivera
v. State, 952 S.W.2d 34, 36 (Tex. App.CSan Antonio 1997, no pet.) (promises that the
plea could be withdrawn at any time); Huffman v. State, 676 S.W.2d 677,
678 (Tex. App.CHouston [1st Dist.] 1984,
pet. ref=d) (promises regarding
sentencing).