**Opinion issued January 24, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00450-CR

————————————

**LARRY DADE VERCHAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1202395**

---

## MEMORANDUM OPINION

Appellant, Larry Dade Verchar, without a punishment recommendation from the State, pleaded guilty to the felony offense of driving while intoxicated as a

third offender,[1] and the trial court found him guilty and assessed his punishment at confinement for twenty years. In three issues, appellant contends that he was deprived of the effective assistance of counsel and the trial court erred in pronouncing his sentence outside of his presence.[2]

We affirm.

## Background

On February 6, 2009, a Harris County grand jury issued a true bill of indictment, accusing appellant of committing the felony offense of driving while intoxicated as a third offender. On January 7, 2011, appellant, without an agreed punishment recommendation from the State, pleaded guilty to the offense and heard admonishments from the trial court. The trial court found sufficient evidence to support a finding of guilt, set the punishment hearing for March 24, 2011, and ordered the preparation of a pre-sentence investigation ("PSI") report.

After appellant failed to appear at the March 24 punishment hearing, the trial court re-set the hearing for April 19, 2011. Appellant again failed to appear, and his trial counsel filed a "motion to withdraw the waiver of jury trial and plea of

---

[1]     *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (Vernon 2011).

[2]     On April 19, 2012, we abated the appeal and remanded the case to the trial court to pronounce sentence in appellant's presence in open court. Having received from the trial court the supplemental record of the oral pronouncement of sentence, we reinstated the appeal to consider appellant's two remaining issues.

guilty," which was not signed by appellant. Trial counsel stated that appellant had sent him an e-mail "instructing [him] to do whatever was appropriate and procedurally proper to move the Court to allow him to withdraw his plea and to request a jury trial." Trial counsel also filed a motion to withdraw because appellant had claimed that trial counsel "caused him to enter his plea involuntarily." The trial court denied both motions and proceeded to assess punishment.

The State submitted to the trial court the PSI report, which indicated that, at the time of his arrest, appellant had "filled two prescriptions on the date of the offense, both of which were half full" and the prescriptions belonged to appellant's father. Appellant's counsel did not present any mitigation evidence, and the trial court sentenced appellant in absentia to confinement for 20 years. Appellant was subsequently apprehended, and his sentence commenced on April 25, 2011.

## Standard of Review

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). *Strickland* generally requires a two-step analysis in which an appellant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional error, there is a reasonable probability that the result of the proceedings would have been

different.  *Id.* at 687–94, 104 S. Ct. at 2064–68; *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  A reasonable probability is a "probability sufficient to undermine confidence in the outcome."  *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.   In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that his performance falls within the wide range of reasonable professional assistance or trial strategy.  *Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006); *Thompson*, 9 S.W.3d at 813.

A failure to make a showing under either prong defeats an ineffective-assistance claim.  *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).  Moreover, allegations of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 814; *Bone v. State*, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002).  In the absence of evidence of counsel's reasons for the challenged conduct, an appellate court commonly will assume a strategic motivation if any can possibly be imagined and will not conclude that the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.  *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

## Ineffective Assistance of Counsel

In his first and second issues, appellant argues that he was "deprived of

4

effective assistance of counsel" under the United States Constitution and the Texas Constitution because counsel "failed to prove the reasonable standard of care and take any action to defend or mitigate" at the punishment hearing. Appellant asserts that trial counsel failed to "object to the introduction of . . . appellant's father's medical records," "object to or correct the PSI report," "call a single character witness or provide a character reference letter," and "make any argument in favor of the appellant or even highlight a single favorable factor set out in the PSI report."

### *Medical Records*

Appellant first complains of trial counsel's "[f]ailure to object to the introduction of . . . appellant's father's medical records, for relevance and failure to meet the predicate." However, we note that the State offered the medical records to demonstrate that the two prescription bottles, which were "less than half full when recovered," found in appellant's possession upon his arrest were prescribed for his father. The State argued that this evidence "goes to the fact that [appellant] was either being enabled here or he was stealing someone's drugs." At a punishment hearing, "evidence may be offered by the state . . . as to any matter the court deems relevant to sentencing," including "the circumstances of the offense for which he is being tried." TEX. CODE CRIM. PROC. art. 37.07 § 3(a)(1) (Vernon Supp. 2012). Thus, the evidence offered by the State was relevant to sentencing.

5

Moreover, appellant does not demonstrate how the evidence "fail[s] to meet the predicate."

A failure to object to admissible evidence does not constitute deficient performance. *See McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992) (holding that failure of counsel to object to admissible evidence did not satisfy the first prong of the *Strickland* analysis); *Rogers v. State*, 959 S.W.2d 652, 660 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). We hold that the medical records of appellant's father were admissible and conclude that appellant has not met the first prong of *Strickland* on the ground that trial counsel was deficient in not objecting to the admission of the medical records of appellant's father.

### PSI Report

Appellant next complains of counsel's "[f]ailure to object to or correct the PSI report; specifically, the inconsistent references that the appellant failed to provide a statement and the report's notation of the defendant's statement that he does not use drugs or alcohol." However, the State raised this issue at punishment, noting that appellant had not cooperated in the preparation of the PSI report so it was "not clear how [appellant] denied being under the influence of anything if he hadn't talked to" those preparing the report. The court liaison officer noted that appellant's answers were based on "a PSI packet [that defendants fill out] before a PSI is completed, and there is a section in there where they answer questions

6

related to alcohol and drug usage." Thus, the alleged "inconsistent references" in the PSI report were already clarified by the State. Even if we were to assume that appellant's trial counsel was deficient in not objecting to the PSI report on the basis of "inconsistent references," appellant has failed to demonstrate how that alleged deficiency would have prejudiced the proceedings. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Hoefner v. State*, No. 08-07-00017-CR, 2010 WL 939629, at *3–4 (Tex. App.—El Paso Mar. 17, 2010, no pet.) (mem. op.) (holding that, although trial counsel misstated victims' names and the dates of the offenses, any error would be harmless because trial court clarified information).

### *Mitigation Evidence*

Finally, appellant complains of counsel's failure "to call a single character witness or provide a character reference letter" and "to make any argument in favor of the appellant or even highlight a single favorable factor set out in the PSI report such as his cooperation with law enforcement at the time of the offense or the non-violent nature of his criminal history."

The State argues that appellant has failed to satisfy the first prong of *Strickland* because "the record is silent as to counsel's reason for this strategy" and, as a result, "it must be presumed he had a plausible reason for his actions." Appellant notes that his trial counsel actually did provide a reason for not taking "any action to defend or mitigate." After the State had presented its evidence and

7

the trial court prompted trial counsel to argue or present evidence, trial counsel stated,

> No, Your Honor, I am not going to proceed with any type of defense or mitigation on behalf of [appellant] because – and, again, I will object to proceeding with punishment as I have filed a notice of withdrawal of a guilty plea by [appellant]; and my understanding is that he's entitled to withdraw his guilty plea as a matter of right without assigning reason until the point that a judgment has been pronounced or the case has been taken under advisement.

In support of his assertion to the trial court that appellant was "entitled to withdraw his guilty plea as a matter of right without assigning reason," counsel cited *Devary v. State*, 615 S.W.2d 739 (Tex. Crim. App. 1981). The trial court replied that it disagreed that appellant could withdraw his guilty plea when he "[fled] the jurisdiction of the trial court" by failing to appear. It then proceeded to sentence appellant. Although the State asserts that the above statement is "ambiguous" and "does not firmly demonstrate that the record is not silent regarding trial strategy," the statement expressly demonstrates counsel's intention to forego presenting mitigation evidence based on his belief that appellant was "entitled to withdraw his guilty plea as a matter of right."

However, trial counsel's reliance on *Devary* was misplaced. In *Devary*, the court explained that "where the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such a plea is within the sound discretion of the trial court." *Id.* at

8

740 (citing *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979)). The court held that the trial court had "taken the matter under advisement" earlier, when the defendant pleaded guilty and was properly admonished. *Id.* And it is well-established that a court takes a case under advisement when it accepts a properly-admonished guilty plea and passes the case for pre-sentence investigation and punishment. *See Jackson*, 590 S.W.2d at 514–15 (holding case had been taken under advisement, and defendant could not withdraw guilty plea as matter of right, where court had accepted guilty plea and passed the case for pre-sentence investigation); *Thompson v. State*, 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.) (holding defendant could not withdraw guilty plea as matter of right where "only issue remaining to be decided was the appropriate punishment"); *Wissinger v. State*, 702 S.W.2d 261, 262–63 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd) (holding trial court had discretion to deny defendant's motion to withdraw guilty plea at hearing "which was for the sole purpose" of determining defendant's punishment).

Here, the trial court had already accepted appellant's guilty plea and passed the case for pre-sentence investigation. As a result, appellant's case was already under advisement and he was not entitled to revoke his guilty plea as a matter of law, as his counsel argued at the trial court. *See Jackson*, 590 S.W.2d at 514. Thus, trial counsel's decision to present no mitigation evidence at the punishment

9

hearing was not due to any strategic considerations but based on a misplaced reliance on *Devary*. Accordingly, we hold that appellant has satisfied the first prong of *Strickland* and demonstrated that his counsel's performance fell below an objective standard of reasonableness. *See Rivera v. State*, 123 S.W.3d 21, 31–32 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (holding that counsel's failure to present mitigation evidence fell below an objective standard of reasonableness where court could not attribute failure to "trial strategy"); *see also Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the *Strickland* prongs on its own.").

We now address *Strickland*'s second prong, turning to appellant's allegations of counsel's specific omissions at the punishment hearing. In regard to errors concerning the assessment of punishment, a defendant, under *Strickland*'s second prong, must show that a reasonable probability exists that the jury's assessment of punishment would have been less severe in the absence of defense counsel's deficient performance. *Bazan v. State*, No. 01-10-01049-CR, 2012 WL 5285672, at *4 (Tex. App.—Houston [1st Dist.] Oct. 12, 2012, no pet.); *Rivera*, 123 S.W.3d at 32. An appellate court will not reverse a conviction for ineffective assistance of counsel at the punishment stage unless the defendant shows prejudice as a result of deficient attorney performance. *Wiggins v. Smith*, 539 U.S. 510, 534,

10

123 S. Ct. 2527, 2542 (2003). To assess prejudice, "we reweigh the evidence in aggravation against the totality of available mitigating evidence" as indicated by the record as a whole. *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Bazan*, 2012 WL 5285672, at \*4 (quoting *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 792 (2011)).

Regarding mitigation evidence, appellant notes only the "favorable factor[s]" in the PSI report that he was cooperative with law enforcement "at the time of the offense" and "the non-violent nature of his criminal history." However, it is noted in the PSI report that appellant initially "did not acknowledge the presence of the officer," who had been dispatched to investigate the scene. Appellant later told the officer that he "was not involved in an accident" or "under the influence of anything," although the officer noted that appellant's car "had clearly been damaged from the outside as if it [had been] involved in an accident." It is also indicated in the PSI report that appellant, at the scene, was "mumbling" with "slurred speech" and "was unable to stand up straight without bracing himself on his vehicle." As explained above, police officers found two prescription bottles in appellant's car. Appellant had "filled two prescriptions on the date of the offense, both of which were less than half full when recovered by the officers," and appellant's medical records indicated that the medicine had actually been prescribed to appellant's father. And although appellant's criminal history is "non-

violent," it is also extensive, consisting of seven misdemeanor convictions and three felony convictions. Finally, appellant does not identify any other evidence or any "character witness" which would demonstrate a reasonable probability that the result would have been different, had it been introduced at the punishment hearing.

Most important, appellant also twice failed to appear in court for his punishment hearing, and he failed to cooperate in the preparation of the PSI report. At the beginning of the sentencing hearing, the trial court explained,

> [Appellant] requested the preparation of a presentence investigation report. During the preparation of that report, [he] absenced himself from the proceedings, did not respond to the request of the PSI writer to cooperate on the first PSI. On the setting on March 24, 2011, [appellant] failed to appear, a capias having issued although it still has not been executed apparently. The case was reset again to April 19th, 2011, this date, to give [appellant] an opportunity to appear; and he has still failed to do so.

In sum, appellant has not identified any mitigation evidence that his trial counsel could have raised at the sentencing hearing, and, as appellant consistently failed to appear at sentencing hearings or cooperate in the preparation of the PSI report, he was himself unable to provide the trial court with any mitigating evidence. *See Bone v. State*, 77 S.W.3d 828, 836–37 (Tex. Crim. App. 2002) (holding that court of appeals erred in finding that appellant was prejudiced by alleged ineffective assistance of counsel because it "point[ed] to nothing in the record that probably would have, had it been developed more thoroughly, led to a not guilty verdict or a lesser punishment"); *Rivera*, 123 S.W.3d at 32 (holding second *Strickland* prong

not satisfied where there was no indication that "information was available . . . which would have led to mitigating evidence sufficient to reduce [defendant's] sentence had [counsel] fulfilled his duty"); *compare Shanklin v. State*, 190 S.W.3d 154, 165 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd) (holding that defendant was prejudiced by failure to present mitigating evidence because "no fewer than 20 witnesses" were available to testify on behalf of defendant).

On this record, we cannot conclude that, had appellant's counsel performed the complained-of actions at the punishment hearing, there is "a reasonable probability that the result of the proceedings would have been different." *See Thompson*, 9 S.W.3d at 812.

We overrule appellant's first and second issues.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).