**AFFIRM; and Opinion Filed May 17, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01453-CR**

**RANZY YOUNG, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-19005-V**

## OPINION

Before Chief Justice Wright and Justices Evans and Campbell[1]
Opinion by Justice Campbell

Ranzy Young appeals the order placing him on deferred adjudication community supervision for the offense of evading arrest or detention. *See* TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2012). In his sole issue on appeal, appellant contends the trial court erred in denying his request to withdraw his plea of no contest because the trial court had not yet taken the case under advisement or pronounced judgment. We affirm.

### FACTS

On August 13, 2012, appellant waived a jury trial and pleaded no contest to the charged offense. The State agreed to a plea bargain calling for three years of deferred adjudication and a fine of $ 2,000. The trial court accepted the plea, called a halt to the plea hearing, and reset the

---

[1] The Honorable Charles F. Campbell, Senior Appellate Judge, Texas Court of Criminal Appeals, sitting by assignment.

case pending completion of a presentence investigation. On October 3, 2012, during the "sentencing" proceeding, appellant attempted to withdraw his plea. While on the witness stand, appellant blamed his trial attorney for his no contest plea, testifying that his attorney told him to plead guilty or face almost certain conviction by a jury. The trial court listened to all the evidence appellant presented, but then overruled his motion to withdraw his plea. That court followed the plea agreement, deferred adjudicating appellant's guilt, placed him on three years' community supervision, and assessed a fine of $720. He also granted appellant permission to appeal.

### ARGUMENTS OF PARTIES

Appellant contends he should have been allowed to withdraw his no contest plea because "there was no indication that a judgment had been pronounced or that the case had been taken under advisement." Without one of those two events having taken place, appellant contends he was entitled as a matter of right to withdraw his plea, citing *Jackson v. State,* 590 S.W.2d 514, 514–15 (Tex. Crim. App. [Panel Op.] 1979). The State responds the trial court was not required to withdraw appellant's plea because the court had already accepted the plea and taken the case under advisement, citing chiefly *Washington v. State,* 893 S.W.2d 107, 108–09 (Tex. App.— Dallas 1995, no pet.).

### APPLICABLE LAW

A liberal practice prevails in Texas concerning the withdrawal of a guilty plea. *Jackson,* 590 S.W.2d at 515. A defendant may withdraw his guilty plea as a matter of right without assigning reason until judgment has been pronounced or the case has been taken under advisement. *Id.* at 515. However, where the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial judge. *Id.* at 515.

A case is considered to be under advisement after each side has concluded its case-in-chief, the defendant has entered a plea of guilty, said plea has been accepted, and the necessary admonishments have been given, even though the issue of punishment remains unsettled. *Washington*, 893 S.W.2d at 109; *see also Thompson v. State,* 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet); *Jackson*, 590 S.W.2d at 514–15. There is no requirement that there be a finding of guilt before a case is considered to have been taken under advisement. *Scott v. State,* 860 S.W.2d 645, 646 (Tex. App.—Dallas 1993, no pet.).

## APPLICATION OF LAW TO FACTS

In the instant case, appellant entered a no contest plea before the trial court. Appellant testified he had waived his right to a jury trial and he was entering his plea freely and voluntarily without coercion or undue influence. Appellant's plea was part of a plea bargain that called for the trial court to defer adjudication of guilt, assess three years' probation, and impose a fine. The trial court accepted appellant's plea on the record, and then reset the case until October 3, 2012 so that a presentence report could be prepared. On October 3, after denying appellant's motion to withdraw the plea, the trial court followed the plea bargain, placed appellant on probation for three years, and assessed a fine in an amount lower than called for in the plea agreement.

Appellant's position seems to be that the trial court neither pronounced judgment nor took the case under advisement during the August 13 plea hearing thereby giving appellant a right to withdraw his plea at any time. Appellant alleges the trial court failed to accept the plea until the October 3 hearing. The trial record, however, shows the trial court accepted the plea immediately after appellant entered it. The only remaining question is whether accepting a plea constitutes taking a case under advisement.

Both parties cite *Thompson* in support of their respective positions. The facts in *Thompson* are strikingly similar to those in this case. In *Thompson,* the defendant pleaded guilty

–3–

on October 13, 1991, after the trial court had admonished him. *See Thompson*, 852 S.W.2d at 269. The trial judge accepted the plea and the defendant executed a judicial confession and written stipulation of evidence. *See id*. The trial court did not make a finding of guilt but rather reset the case until November 8, 1991 so that a presentence report could be prepared. *See id*. At the November 8 hearing, the defendant testified to facts that, if true, were exculpatory. His attorney then moved to withdraw the guilty plea, but the trial judge denied it. Appellant was then sentenced. *See id*. The *Thompson* court, relying on the analysis of the court of criminal appeals's opinion in *Jackson,* held that the passing of a case for a presentence investigation under those facts constituted taking a case under advisement. *See id*. at 270.

In the instant case, appellant entered his plea of no contest, the plea was accepted by the trial court, and the necessary admonishments were given. *See Washington,* 893 S.W.2d at 108–09. As in *Thompson,* the only issue remaining in *Washington* was the assessment of punishment. *Id.* Thus, the instant case is governed by this Court's decisions in *Thompson* and *Washington.* The issue at bar, whether the trial court had taken the case under advisement at the August 13 hearing, must be answered in the affirmative. As a sub-issue of same, whether the trial court accepted appellant's plea, that issue must be answered in the affirmative as well. Thus the withdrawal of appellant's plea was within the sound discretion of the trial judge, and there has been no showing in the record that the trial court abused its discretion. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

  /Charles Campbell/_____
CHARLES F. CAMPBELL
JUSTICE, ASSIGNED

Do Not Publish
Tex. R. App. P. 47
121453F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RANZY YOUNG, Appellant

No. 05-12-01453-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-19005-V.
Opinion delivered by Justice Campbell,
Chief Justice Wright and Justice Evans
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of May, 2013.

/Charles Campbell/

CHARLES F. CAMPBELL
JUSTICE, ASSIGNED