**Affirmed and Opinion Filed May 19, 2015.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-01053-CR**

## PHILLIP MERLE PITTS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F-1112902-L

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Phillip Merle Pitts was indicted for injury to a child causing serious bodily injury. He waived his right to a jury trial and entered an open plea of guilty. The trial court found the evidence supported guilt and passed the case for a later hearing. Pitts obtained new counsel and filed a motion to withdraw his guilty plea, which was denied. Following an evidentiary hearing, the trial court denied Pitts's renewed motion to withdraw his guilty plea, found him guilty, and sentenced him to twenty years in prison.

In two issues, Pitts argues the trial court abused its discretion by denying his motion to withdraw his guilty plea and his guilty plea was not voluntary because of ineffective assistance of counsel. We conclude appellant's first issue was not preserved for review and that trial counsel was not ineffective. We affirm the trial court's judgment.

Appellant was indicted for intentionally and knowingly causing serious bodily injury to a

child fourteen years of age or younger by "shaking complainant with defendant's hands, a deadly weapon, and by striking complainant against a countertop with defendant's hands, a deadly weapon, and by striking complainant with and against an unknown object, a deadly weapon, the exact nature and description of which is unknown and unknowable to the grand jury."

Appellant acknowledges the trial court gave the requisite statutory admonishments and correctly explained the range of punishment for the offense. *See* TEX. CODE CRIM. PROC. art. 26.13(a); TEX. PENAL CODE ANN. § 12.32. At the plea hearing, the trial court explained there was no plea bargain and that if appellant waived his right to a jury trial and pleaded guilty, the issue of punishment would be left to the trial court: "I could defer a finding of guilt and place you on what we call unadjudicated probation for as short a period as five years or I could find you guilty and send you to prison for life. Do you understand that there is no plea bargain?" Appellant responded, "Yes, Your Honor."

Appellant testified he freely and voluntarily waived his rights and freely and voluntarily entered his guilty plea. Appellant signed a judicial confession, which was admitted without objection, stating he committed the offense exactly as charged in the indictment. The trial court accepted appellant's guilty plea and heard evidence from three witnesses. The trial court found the evidence proved appellant's guilt, but did not find him guilty, and passed the case for a later hearing. Approximately eight months later, a court appointed competency expert found appellant competent to stand trial. Appellant obtained new counsel and filed a motion to withdraw his guilty plea. Following an evidentiary hearing, the trial court denied the motion.

A defendant may change his plea from guilty to not guilty if the request is timely. *Mendez v. State*, 138 S.W.3d 334, 345 (Tex. Crim. App. 2004). "[W]hen trial by jury has been waived, the defendant may change the plea from guilty to not guilty until the court pronounces judgment or takes the case under advisement." *Id.* When a defendant decides to withdraw his

guilty plea after the trial court has taken the case under advisement, the trial court has broad discretion to grant or deny the motion. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); *Thompson v. State*, 852 S.W.2d 268, 269–70 (Tex. App.—Dallas 1993, no pet.).

Appellant's first issue argues the trial court abused its discretion by denying his motion to withdraw the guilty plea on the theory he was denied effective assistance of counsel. This theory, however, was not presented to the trial court. The motion to withdraw the plea and the evidence and the arguments made at the hearing indicate appellant sought to withdraw the guilty plea on the basis it was involuntary due to appellant's cognitive defects. While we may affirm a trial court's decision on any legal theory applicable to the case, it violates "ordinary notions of procedural default" for a court of appeals to reverse a trial court's decision on a legal theory not presented to the trial court by the complaining party. *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002) (citing *State v. Mercado*, 972 S.W.2d 75, 77–78 (Tex. Crim. App. 1998) ("ordinary notions of procedural default" do not require a prevailing party to list or verbalize "in the trial court every possible basis for upholding" its decision). A trial court's decision will not be reversed on a theory the trial court did not have an opportunity to rule upon and upon which the non-appealing party did not have an opportunity to develop a complete factual record. *Id.*; *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).

Because the complaint on appeal does not comport with the argument raised in the trial court, nothing is presented for appeal. *See Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). We overrule appellant's first issue.

Appellant's second issue argues his counsel at the plea hearing was ineffective and his guilty plea was involuntary as a result. Appellant asserts his attorney at the plea proceeding was

ineffective for failing to investigate and obtain evidence to support a viable defense based on his brain seizure disorder. Appellant also contends counsel erroneously advised him he would receive probation if he pleaded guilty.

To prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A claim of ineffective assistance of counsel must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). Absent an opportunity for trial counsel to explain the conduct in question, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). In the context of a guilty plea, appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted upon going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999).

Here, appellant raised a claim of ineffective assistance of counsel in an amended motion for new trial, but there is no record of an evidentiary hearing on that motion. However, appellant's trial counsel testified as a witness for the State at the hearing on the motion to withdraw appellant's guilty plea, providing at least some record of counsel's strategy and an explanation of his conduct, although not in the context of an ineffective assistance challenge. We are mindful that on direct appeal, "the record is usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits

–4–

of such a serious allegation.'" *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (quoting *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (quoting *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999))).

Appellant contends that he did not recall the offense because he had a seizure while taking care of the child. He argues counsel was ineffective for not interviewing appellant's co-workers to determine the frequency and severity of appellant's seizures. However, counsel testified there was no evidence in this case to support a post-seizure defense. Counsel testified that if a person suffers a grand mal seizure or loses consciousness, "quite often you will hear them say I don't know how I got under this table, I don't know how I got under this tree, what happened." Counsel further testified that "Mr. Pitts, unfortunately[,] giving multiple stories to the police over two or three days . . . is inconsistent with a Post-Seizure Confusion Defense. He's recalling something that would be the opposite of Post-Seizure Confusion." Counsel noted that appellant lacked any tongue abrasions. Finally, counsel testified that he "started looking at the medical records and [I] didn't see in the medical records, you know, Post-Ictus or Post-Seizure Confusion mentioned by doctors."

Counsel was experienced in representing clients referred to him by the Epilepsy Foundation. Counsel's son is an epileptic and suffers from tonic-clonic or grand mal seizures. Appellant, however, was described as a partial seizure patient. Counsel met with appellant several times at coffee shops to avoid a stressful environment. Counsel explained all of appellant's options and advised him against making an open plea of guilty. Appellant rejected the State's plea offer of eighteen years and decided to enter an open plea. Counsel did not know why appellant rejected the plea bargain, but it was appellant's decision.

Appellant argues counsel failed to obtain a medical evaluation of appellant's brain disorder to determine whether it may have contributed to the offense. But to obtain relief on a

failure to investigate claim, appellant must show what evidence would have been obtained by the investigation and that it would have helped him. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (to obtain relief on ineffective assistance claim based on failure to call a witness "applicant must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense."). Appellant presented no evidence that a medical evaluation would have produced helpful evidence about how his disorder contributed to the offense. The clinical psychologist who testified at the hearing on the motion to withdraw the guilty plea explained appellant's difficulty with processing information and that he would have difficulty understanding a plea if his attorney treated him like a normal client. She did not give any opinion about appellant's seizures, their frequency or severity, or whether in reasonable medical probability he had suffered a seizure at the time of the injury to the child. She offered no opinion regarding appellant's mental state at the time of the offense and acknowledged he had been found competent to stand trial by the court-appointed expert. Appellant failed to present any evidence that an additional medical evaluation would have produced helpful evidence.

Further, the evidence indicates that despite appellant's mental difficulties he is able to perform well in a job. Indeed, much of the mitigation evidence presented at the punishment hearing was inconsistent with appellant's assertion that he lacked the mental capacity to understand his guilty plea or was unable to function because of his seizures. He was a long time employee of Kroger, had been promoted from dairy manager to frozen food manager, and was in line for further promotions. Despite his brain condition, appellant's co-workers and supervisors thought highly of him and had confidence in his abilities to perform his job.

Finally, appellant relies on his own punishment testimony that Counsel told him he would get probation if he pleaded guilty. However, counsel testified he did not recommend appellant

enter an open plea of guilty and explained that it was risky considering the injuries to the victim. Counsel did not believe that appellant pleaded guilty thinking he would get probation. Counsel did not know why appellant rejected the State's offer after counsel explained the full range of possibilities. Appellant acknowledges that counsel denied telling appellant he would get probation if he pleaded guilty. Thus, there is conflicting evidence in the record on whether counsel advised appellant he would get probation if he pleaded guilty.

On this record, we conclude appellant failed to carry his burden to show that counsel performed below an objective standard of reasonableness. *See Lopez*, 343 S.W.3d at 143–44. We overrule appellant's second issue.

We affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
131053F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

PHILLIP MERLE PITTS, Appellant

No. 05-13-01053-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1112902-L.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of May, 2015.